NEW-YORK,
Nov. 1809.

NIXON
v.
HYSEROTT.

*A.* gave to *B.*
a power of at-
torney to grant,
bargain, sell, re-
lease, &c. in fee,
certain lands,.
and on such sale
to " execute,
seal and deliver,
in the name of
*A.* such convey-
ances and assur-
ances in the law
of the premises
to the purcha-
ser, in fee, as
should be need-
ful or necessary,
according to the
judgment of *B.*
his attorney."
It was held, that
*B.* had no pow-
er to execute a
deed with the
usual covenants
of *seisin*, &c. so
as to bind his
principal.
A conveyance
or assurance is
good and perfect
without warran-
ty or personal
covenants.
An authority
must be strictly
pursued ; and
any act substan-
tially varying
from it, is void.

NIXON *against* HYSEROTT and HYSEROTT.

THIS was an action brought on the *covenant of seisin,* in a deed, executed by the defendants, by their attorney, *Anthony Maxwell,* to the plaintiff.

Plea, *non est factum, &c.*

The letter of attorney was dated the first day of *March,* 1804. The defendants constituted *Maxwell,* their attorney, in their names and to their use, to grant, bargain, sell, release, convey and confirm, in fee, to any person, certain specified lots, in the military tract, and on such sale, to " execute, seal and deliver in their names, such conveyances and assurances in the law of the premises, unto the purchaser, his, her or their heirs or assigns, for ever, as should or might be needful or necessary, according to the judgment of the said attorney."

The deed on which the suit was brought, purported to be executed by *Maxwell,* as attorney for the defendants, and was dated the 22d of *March,* 1805, for the consideration of 3,600 dollars ; it conveyed certain lands to the plaintiff, and contained the usual covenants of seisin, &c.

The defendants gave in evidence, a deed executed by the said attorney, to *Ezekiel Gilbert,* dated the 14th of *August,* 1804, for the same lands, excepting 100 acres, and which deed was duly recorded the 14th of *March,* 1805, and another deed executed by the said attorney, to *Chester Belding,* dated the 7th of *June,* 1804, for *part* of the lands sold to the plaintiff ; this deed was not recorded, and its admission was objected to, but the judge allowed it to be read in evidence.

A verdict was taken for the plaintiff, subject to the opinion of the court, on the case ; and if the court should be of opinion that the plaintiff was entitled to recover, then the verdict was to stand, otherwise it was to be set aside and a nonsuit entered.

*Bleecker* and *Sedgwick*, for the plaintiff.

*E. Williams*, for the defendants.

*Per Curiam.* The attorney was authorised to sell and to execute *conveyances*, *and assurances* in the law, of the lands sold ; but no authority was given to bind his principal, by covenants. A conveyance or assurance is good and perfect without either warranty or personal cove-nants ; and therefore they are not necessarily implied in an authority to convey ; an authority is to be strictly pur-sued, and an act varying in substance from it is void. There must be a judgment of nonsuit, according to the direction in the case.

VAN NESS, J. having formerly been concerned as coun-sel in the cause, gave no opinion.

Judgment of nonsuit.