ALBANY,
Feb. 1811.

GIBSON
v.
COLT & others.

---

### GIBSON *against* COLT and others.

Where the
owners of a ship
authorized the
master to sell
the ship in the
same manner as
they themselves
might or could
sell her; and
the master sold
the ship, and at
the time of sale
represented to

THIS was an action on the case. The declaration
stated that the defendants, on the 30th of *December*,
1808, were the owners of the ship *Columbia*, of which
*Levi Goodrich* was master, and also the factor and
agent of the defendants, by them *generally* authorized
to sell the ship to any person in the same manner as
they themselves might and could make sale, &c. That

the vendee that she was a *registered* ship, when, in fact, she only sailed under a *coasting li-
cense*, it was held that the master being a special agent for the purpose of the sale, the owners
were not answerable for the false representation of the master, who exceeded his authority.

A power to sell does not, of itself, give the power to warrant the title of the thing sold.

the plaintiff bargained at *Charleston* with *Goodrich*, being such agent, &c. for the purchase of the ship; and while bargaining, the said *Goodrich* did deceitfully and falsely affirm to the plaintiff that the ship was a *registered* vessel, according to the act of congress, entitled, " An Act concerning the registering and recording of Ships or Vessels ;" and the plaintiff, giving faith to such false and fraudulent representation, agreed to purchase the ship for 10,000 dollars, to be paid by the plaintiff to the said *Goodrich*, as such factor and agent, in bills of exchange, drawn on *Gillespie & Campbell*, at *New-York*, and payable in 4 and 6 months; and the said *Goodrich* deceitfully and falsely sold the ship as aforesaid, and the plaintiff purchased and paid as aforesaid ; whereas, in fact, at the time, the ship was *not registered* according to the act aforesaid ; but was a *licensed coasting vessel only*, which the said *Goodrich* well knew, &c. That the plaintiff, after such purchase, to wit, on the 12th *January*, 1809, at *Charleston*, *freighted and chartered the ship* to *James Chapman*, for a voyage to *New-York*, with a cargo of cotton and rice, and from thence to *Europe*. That the said *Chapman* loaded the said ship with the cargo aforesaid, but by reason that the said ship was not a registered vessel, within the meaning of the act aforesaid, she could not legally perform the voyage aforesaid, according to the terms of the charter-party ; whereby the plaintiff was compelled to pay to the said *Chapman* 5,000 dollars, by reason of such inability, &c. To this declaration there was a general *demurrer* and *joinder*.

*Foot*, in support of the demurrer. A general power to sell does not make the principal answerable for the fraud of the agent.* Where a special agent exceeds his authority, he cannot bind his principal.† This doctrine has been established by numerous decisions.‡

‡ 2 *Roll. Rep.* 270. 226. *Spencer*, 228. *Roll. Abr.* 95. 10 *Mod.* 111. 2 *Salk.* 442.

ALBANY,
Feb. 1811.

GIBSON
v.
COLT & others.

* *Cro. Jac.* 468. *Southern v. How.*
† 3 *Term Rep.* 757.

GIBSON
v.
COLT & others.

The fraud charged in this case, is in affirming that the vessel was a registered vessel, when the agent knew she had only a coasting license. By the *regis-ter act* of the 31st *December*, 1792, (2d sess. 2 cong. c. 1. *Laws*, vol. 2. 131.) ships registered by virtue of the act for registering and clearing vessels, regulating the coasting, &c. as well as those thereafter to be registered, under the " Act concerning the registering and recording of Ships or Vessels," are declared to be ships and vessels of the *United States*, and entitled to all the benefits and privileges belonging to such ships or vessels. Whether the vessel, therefore, was registered or not, was perfectly immaterial; she was equally an *American* vessel. It was a deceit without injury. The plaintiff might have obtained a register whenever he pleased; for whenever a sale takes place, a new register is to be taken out. As this was a coasting vessel, the plaintiff might, if he wished to send her to a foreign port, have surrendered the license, and taken out a register. The owner of a vessel may surrender his license and take out a register, and change them, as often as he changes the employment of his vessel.

Again, the plaintiff had equal means of knowing the truth of the fact, as the seller, in this case; for it would have appeared from the ship's papers, which are supposed to be with her; and the register is required to be inserted in every bill of sale, in order to preserve the character of the vessel. The plaintiff ought, then, in common prudence, to have examined the ship's papers.

*T. A. Emmet*, contra. In *Bayard* v. *Malcolm and another*,* it was held that the representation of a partner and agent was binding on his copartner, and the plaintiff recovered. A principal is clearly answerable for the fraud of his agent when acting within the scope of his authority. In *Hern* v. *Nichols*,† Lord *Holt* said that

* 1 *Johns. Rep.* 454.    2 *Johns. Rep.* 550.

† 1 *Salk.* 289.

the merchant was answerable for the deceit of his *factor* beyond sea.

The papers do not always accompany the vessel. By the law of the *United States*, (1st sess. 5th cong. s. 63.) a vessel when she arrives in port must deposit her register, or license, and other custom-house documents, with the collector, where they are to remain until her departure. (*Laws*, vol. 4. p. 384, 385.) This sale may have taken place while the vessel was lying in *Charleston;* how then was the purchaser to know how she was documented; or how could he inspect her papers? Again, vessels, licensed as coasters, cannot obtain a register out of the district in which they are licensed.

*Hopkins*, in reply. To sustain an action there must be *damnum cum injuria.* Here no injury or damage is shown. No law is better laid down than the distinction between the liability of a principal for the acts of a general or a special agent. A general agent is usually constituted by parol, and is known by his general concern in the business of his principal, and there is a power necessarily implied by such an agency to make representations. A special agent acts under a special delegation; and it is the duty of the person who deals with him to look to his power. If he goes beyond it, his principal is not bound. Every thing depends on the terms and extent of the special authority delegated.* In *Nixon* v. *Hyserott*† this doctrine was recognised, and the court held that a power to sell and execute a deed, did not give an authority to bind the principal by any covenants of *seisin*, &c. or warranty.

* *Godbolt*, 361.
2 *Roll. Rep.* 270.
*Cro. Jac.* 468.
2 *Roll. Rep.* 28.
3 *Term Rep.*757.
†5*Johns.Rep.*58.

*Per Curiam.* The agent of the defendant is stated to have been specially authorized by them to sell the ship in the same manner that they themselves might have sold her. This is all the authority given, and *Goodrich* was con-

sequently nothing more than a special agent constituted for that particular end. The plaintiff was, therefore, not to know or infer any authority beyond what was given, and if the agent exceeded that authority when he made the representation in question, his principals were not bound. This distinction between a special and general agent was laid down in the case of *Fenn* v. *Harrison*, (3 *Term Rep.* 757.) and it is founded on just and reasonable principles. The limitation to the powers of a general and known agent cannot be known, unless specially communicated, and third persons ought not to be affected by any private instructions. *Goodrich* certainly exceeded his power to sell when he made the false affirmation and representation charged by the plaintiff. A power to sell does not of itself convey a power to warrant the title. This was so decided in *Nixon* v. *Hyserott.* (5 *Johns. Rep.* 58.) The remedy for the plaintiff lies against the agent, and not against the defendants. The defendants are, therefore, entitled to judgment.

Judgment for the defendants.