## Case No. 13,724.

### TAGGART v. STANBERY.

[2 McLean, 543.] [1]

Circuit Court, D. Ohio. July Term, 1841.

DEED—ESTOPPEL—VENDOR AND PURCHASER—DEFECT IN TITLE—POWER OF ATTORNEY.

1. The consideration acknowledged to have been received on the face of a deed of conveyance, does not estop the grantor from showing, in an action for the purchase money, that the consideration has not been paid.

[Cited in Stansbury v. Taggart, Case No. 13,-292.]

2. So far as regards the effect of the deed, the consideration named can not be controverted.

3. A possession, without claim of title, can afford, from mere lapse of time, no presumption of right.

4. A purchaser who has received a deed, and holds under it, can not set up a defect of title, to avoid the recovery of the purchase money.

5. A compromise of an outstanding claim, without the consent or knowledge of the grantor, can give no claim to an offset, in an action for the consideration money.

6. The liability of the grantor must depend upon the validity of the claim purchased in, and not upon the sum paid for it.

7. A power of attorney, which authorizes a conveyance to be made in as full and ample a manner as the principal could execute, authorizes a deed to be made by the attorney, with covenants of general warranty.

[Cited in Johnson v. Sukeley, Case No. 7,414.]
[Cited in Schultz v. Griffin, 121 N. Y. 299, 24 N. E. 480.]

8. This is especially the case where the deed has been accepted, with a full knowledge of the power.

9. Such instruments are to be construed according to the intent of the parties.

At law.

Mr. Taylor, for plaintiff.

Hunter & Stanbery, for defendant.

OPINION OF THE COURT. Henry Graham purchased from the plaintiff, through his agent, Wallace, a certain tract of land, for which he promised to pay six hundred and nineteen dollars, two hundred and twenty one dollars of which were paid the 11th November, 1831. The defendant, Stanbery, purchased Graham's right, and assumed to pay the balance of the purchase money. In one of his letters to Wallace, as agent of the plaintiff, the defendant stated that the title was involved by a claim of Samuel Kirkland, who was in possession of the premises, and had been in possession for a number of years; and he proposed to pay one half the amount due, and take a quitclaim deed, or to pay the full amount, and receive a deed of general warranty. And, as it would be difficult to prosecute a suit in the name of Taggart, against Kirkland, he requested the agent to forward him a deed for the land, and proposed to secure the

[1] [Reported by Hon. John McLean, Circuit Justice.]

payment of the balance of the purchase money by a mortgage, or in some other mode. The deed was forwarded, containing the ordinary covenants of warranty. This action was brought to recover the residue of the purchase money assumed by the defendant. The declaration contained the common money counts, and three counts on the contract. Defendant pleaded nonassumpsit. Sometime after the deed was received by the defendant, he compromised with Kirkland, and paid him, for his right, four hundred dollars. Several questions of law were raised in the course of the trial, which were decided against the defendant, and which were, more at large, considered on a motion for a new trial. Under the instructions of the court, the jury found for the plaintiff the above balance, including interest.

A motion was made for a new trial on four grounds: First, because the court admitted evidence to show that the consideration had not been paid, in contradiction of the deed; second, because the verdict was against evidence; third, because the defendant was surprized by the rejection of the deposition of Samuel Kirkland; fourth, because the letter of attorney to Wallace, by Taggart, did not authorize him to make a deed of warranty for the land.

The deed, in the ordinary form, states the consideration money, and acknowledges the receipt of it, and, from the payment of the same, acquits and discharges the defendant and his heirs. And this, it is contended, is conclusive evidence of the payment of the consideration, and that the plaintiff is estopped from denying the same. The case of Baker v. Dewey, 1 Barn. & C. 704, is cited to sustain this doctrine. In that case it was held that a party, who executes a deed, is estopped, in a court of law, from saying that the facts stated in it are not true; that, as the deed expressly stated the consideration for the purchase had been paid, he was precluded from saying that any part of it was due. And, to the same effect, is the case of Rowntree v. Jacob, 2 Taunt. 144. The same principle is affirmed in Lampon v. Corke, 5 Barn. & Ald. 606; 1 Greenl. 1.

In England, it is usual to take a receipt, on the back of the deed, for the payment of the consideration; but this had no influence in the above cases. In one of the cases it is said that the receipt, not being under seal, is no estoppel, and its truth may be disputed. There can be no doubt that, so far as regards the effect of the deed, the grantor is estopped from denying the consideration named in it, and which is essential to its validity. This would be to deny a fact admitted in an instrument of the highest solemnity. But such is not conceived to be the rule, where the payment of the consideration becomes a question collateral to the deed. A vendor being satisfied with the ability of the purchaser, executes a deed, and takes a promissory note for the purchase money.

Now, according to the above decisions, this note would be in contradiction of the deed, and, therefore, could not be received as evidence. This would be contrary to the common understanding and practice of the parties to the deed. And the correctness of any principle of law may well be doubted, which is so diametrically opposed to the common sense of business men. To give effect to a deed, a consideration must be stated or proved; but the parties are not bound to state the consideration paid. It may be more or less, but this does not affect the deed. Having a consideration named on its face, at law, the grantor can not question the payment of the sum named, in any case, to affect the validity of the deed. In the case of Shephard v. Little, 14 Johns. 210, the court held, where the consideration of a conveyance is expressed therein, and that it was paid by the grantee or assignee, parol evidence is, notwithstanding, admissible, to show that it had not been paid. To the same effect are the following cases: Oneale v. Lodge, 3 Har. & McH. 433; Jordon v. Cooper, 3 Serg. & R. 564, 570; Wilkinson v. Scott, 17 Mass. 249; Bowen v. Bell, 20 Johns. 338; Pritchard v. Brown, 4 N. H. 397; Gully v. Grubbs, 1 J. J. Marsh. 388, 390; McCrea v. Purmort, 16 Wend. 460; Lingan v. Henderson, 1 Bland, 249; Steele v. Worthington, 2 Ham. [2 Ohio] 182; Whitbeck v. Whitbeck, 9 Cow. 266, 270.

Under the second ground for a new trial, that the verdict was against evidence, the defendant insists that the title of the plaintiff was shown to be invalid; that the possession of Kirkland commenced in 1809, or the beginning of the year 1810, and was continued up to 1824. The defendant purchased his right, by virtue of which he entered in the possession of the land, and has, even since, occupied it. This possession, it is contended, is, of itself, sufficient to bar, by lapse of time, the title of the plaintiff. And to show that this defence may be set up, to an action for the purchase money, the case of Carpenter v. Bailey, 17 Wend. 244, is cited. In that case the court held, where a vendor covenanted to procure from a third person, a good and sufficient warranty deed of conveyance, for a certain tract of land, together with certain water rights and privileges appurtenant to the land, particularly enumerated in the contract, and to deliver the deed by a fixed day to the purchaser, who, on receiving the same, had agreed to pay part of the consideration money, and to receive the residue by bond and mortgage, it was held, in an action by the vendor against the purchaser, to recover a part of the consideration money, that, in reference to the peculiar terms of the contract in the case, a plea of want of title in the grantor was a good and sufficient answer to the declaration—in other words, that the plaintiff was bound to procure a deed, not only corresponding in form with that stip-

ulated for, but operative and effectual, to convey the title. But, in the case of Harrington v. Higgins, reported in the same volume of Wendell, 376, the court held, where, by the terms of a contract for the sale of land, the purchase money is to be paid by instalments, and the first instalment falls due previous to the time limited for the execution of the conveyance by the vendor, and a suit be brought for the recovery of such instalment, want of title in the vendor is no bar to the action.

As the evidence does not show a want of title in the plaintiff, it becomes unnecessary to decide on the legality of such an offence. From the evidence, it does not appear that the possession of Kirkland was hostile to the plaintiff's title. He may have entered, as tenant, under the title of the plaintiff. No color of right is shown, except the possession. But, if a defect of title in the plaintiff were shown, we are of the opinion it could not avail the defendant in this action. From the letters of the defendant, it appears that he was fully aware of Kirkland's claim; and, indeed, he says that it can not be sustained. But, having this knowledge, he expressly agreed to accept of a deed of general warranty, and pay the balance of the purchase money. And he did accept the deed, and he is now, and has been for many years, in possession of the land, holding under the deed. Under such circumstances, it is clear a defect of title can not be set up to defeat a recovery of a part of the consideration. The defendant can not resist the payment of the consideration, while he remains in possession of the premises, claiming under the deed of the plaintiff. Should he, at any future time, be evicted by a paramount title, his remedy will be on the covenants of the deed. A covenant to make a deed must, generally, mean more than an instrument duly executed. The object of such a contract is substance, and not mere form. A deed, therefore, that shall give not even a shadow of title, can not, except under a very special contract, be held to discharge an obligation to make a deed. The four hundred dollars paid, or agreed to be paid to Kirkland, can not be received as an offset to the demand of the plaintiff. The compromise with Kirkland was made without the assent or knowledge of the plaintiff. Under this compromise, therefore, the defendant can raise no charge against the plaintiff. It was not for the defendant and Kirkland to measure the value of the latter's claim to the land, and, by that means, create a demand against Taggart. And if, in any form, the defendant shall be able to establish a charge against the plaintiff on this ground, it must be by establishing the claim of Kirkland, and not by the estimate of its value, which has been made. The defendant can not complain of surprise, at the rejection of Kirkland's deposition. That deposition could only be read by consent, and consent seems not to have been given. Did the power of attorney, under which Wallace executed the deed to the defendant, authorize him to make it with a general warranty? The deed contains the common covenants of warranty. The power of attorney authorized Wallace to sell and convey the lands of the plaintiff in Ohio, in as full and ample a manner as could be done by himself. It is insisted that this authority does not extend beyond the power to convey the title of the plaintiff, and that the warranty is not binding on him.

It is a principle no where controverted, that, if an agent exceed his authority, he does not bind his principal. In the case of Nixon v. Hyserott, 5 Johns. 58, a case relied on by the defendant, the court held that a power to sell does not, itself, convey a power to warrant the title. So, where the agent was specially authorized to sell a ship, in the same manner that the principals might have sold her, they were held not to be bound by the representations of the agent, that the ship was registered, when, in fact, it was a coasting vessel. Gibson v. Colt, 7 Johns. 390. In the case of Nixon v. Hyserott, the attorney was authorized "to execute, &c., such conveyances and assurances in the law, &c., as should, or might be needful or necessary, according to the judgment of said attorney." The conveyance, executed under this power, contained covenants of seizin, warranty, &c., and the court held that a conveyance or assurance is good and perfect, without either warranty or personal covenants; and, therefore, they are not necessarily implied in a covenant to convey. Between that case, and the one under consideration, a distinction may be drawn; but doubts are entertained, whether that case is sustainable on principle or authority. There was not merely an authority given to convey, but to make such conveyances and assurances as might be needful or necessary, in the judgment of the attorney. Now, here was a reference to the judgment of the attorney, as to the nature of the conveyance to be executed; and a bona fide exercise of his judgment, in this respect, should have been held to bind the principal. That such was the intention of the power, as understood by all the parties, can scarcely be doubted. If such were not the case, why was the discretion of the attorney referred to in the power? It may well be supposed that he could not have sold the land for the price received, had he agreed to execute only a general release, or deed of quitclaim. Sugden on Powers, 459, lays down the rule that, "in considering the extent of a power, the intention of the parties must be the guide. Thus, on one hand, a power limited in terms, has, in favor of the intention, been deemed a general power; whilst, on the other hand, a general power, in terms, has been cut down to a particular purpose." The creation, execution and destruction of powers, depend on the substantial intention and purpose of the parties. Bristow v. Warde, 2 Ves. Jr. 337;

Talbot v. Tipper, Skin. 427; Mildmay's Case, 1 Coke, 175a; Long v. Long, 5 Ves. 445. In the case of Wilson v. Troup, 2 Cow. 195, in the court of errors, a power of attorney from Wilson to Faulkner, authorized him to receive a deed from Williamson, for the land purchased, and to sign, seal, deliver, and acknowledge to the said Williamson, a mortgage, or mortgages of said land, together with a bond, or bonds, for the consideration money, and to do and perform all things necessary and lawful to the obtaining a title to the said land, and securing the consideration money therefor to the said Williamson. A mortgage was executed by the attorney, which gave a power to the mortgagee to sell, on default of payment; and, under this authority, the premises were sold.

It was contended that the power to sell was not a necessary part of the mortgage, and that the attorney, by inserting it, exceeded his powers. And the case of Nixon v. Hyserott, was cited as sustaining this ground. With great plausibility, it was argued that the power to sell was no part of a mortgage, at common law, and that it was wholly unnecessary to the validity of the instrument. In assigning his reasons for the decree, Chancellor Kent says: "A power to mortgage, is a power to give the same security, under that name, in as full and effectual a manner as the party himself, who created the power, could give. The letter of attorney was general in its terms; it was to give 'a mortgage,' and 'to do and perform all things necessary and lawful for securing the consideration money.' If the power to sell was usually inserted in a mortgage, as an ordinary and lawful part of it, under his general power to mortgage, the attorney could do, what was necessary and lawful. Every thing incident to a mortgage, which Wilson himself could do, in and by the act of giving a mortgage, Faulkner could do, under the power." In his opinion, Justice Woodworth says: "Faulkner must have understood the contract, as requiring a mortgage in the usual form. It would be a violation of the presumed intent of the parties to construe it otherwise." And the court were unanimously of the opinion that the power authorized the execution of the mortgage.

In 2 H. Bl. 618, it is said that an authority is to be so construed, as to include all necessary or usual means of executing it with effect. An agent employed to get a bill discounted may, unless expressly restricted, indorse it in the name of his employer, so as to bind him by that indorsement. Fenn v. Harrison, 3 Term R. 757; 4 Term R. 177. A servant intrusted to sell a horse may warrant, unless forbidden. 5 Esp. 75. And it is not necessary for the party, insisting on the warranty, to show that he had any special authority for the purpose. Alexander v. Gibson, 2 Camp. 555; Rinquist v. Ditchell, Id. 556, note; 3 Esp. N. P. 64. In Liefe v. Saltingstone, 1 Mod. 189; 1 Freem. 149, 163, 176, S. C., the testator devised his farm to his wife, for her natural life, and, by her, to be disposed of to such of his children as she should think fit. She conveyed the estate to her son, in fee, and the power was held well executed, even at law. "The principle of the case was, that where the devisor gives to another a power to dispose, he gives to that person the same power that he, himself, had to dispose." If a tenant, for life, has power to grant leases, "requiring the best improved rents," he may cause to be inserted, in the leases, the usual covenants for payment of the rents, and a clause of re-entry, upon nonpayment, though the power be silent as to any covenants of that kind. These incidental provisions are considered as implied in the power of leasing. Jones v. Verney, Willes 169; Taylor v. Horde, 1 Burrows, 60. In Long v. Long, 5 Ves. 445, it was held that a power to charge an estate with the payment of moneys for the benefit of the children, as he should think fit, would authorize a disposition of the estate itself.

The power under consideration authorized Wallace to sell and convey his lands, in Ohio, in as full and ample a manner as he could do himself. Now, does not this authorize the attorney to convey, with warranty? This is the ordinary form of conveyance in this country. And the grantor does not object to this execution of the power, but the grantee. And the grantee accepted the deed, being satisfied with its covenants, and with the power of the agent to make it. It is unnecessary to inquire whether the power of attorney was before the defendant, when he accepted of the deed. He had a right to inspect it, and, having taken the deed, he must be presumed to have been satisfied with the power. And we can entertain no doubt that the covenants of warranty, in the deed, bind the grantor. The power of the agent was ample—it was general—to sell and convey his lands in Ohio. He was authorized to convey them, in as full and ample a manner as Taggart could himself convey them. Did not all the parties understand this power, as authorizing a conveyance, with warranty, in pursuance of the general practice of the country? We think that the instrument, looking at the circumstances under which it was given, and the objects designed to be accomplished by it, is susceptible of no other construction. The motion for a new trial is overruled.

[NOTE. A bill in equity was subsequently filed by the defendant in this action, in which he asks that certain incumbrances paid off by him on the tract of land purchased from Taggart be set off against a judgment for the purchase money. The injunction was dissolved and the bill dismissed. Case No. 13,292.]