### MASON PETERS *v.* JOSEPH D. FARNSWORTH.

A letter of attorney authorized the agent to sell at the best prices, by public or private sale, as he might think most advantageous, and to execute such contracts, agreements, conveyances and assurances, and perform such acts as might be necessary to perfect the sale ; —

*Held*, that he might execute a deed with covenants of warranty which would bind the principals.

THIS was an action on the case, in which the plaintiff alleged that the defendant fraudulently assumed to have authority to convey to the plaintiff a certain lot of land, with the usual covenants, and did convey to the plaintiff said land, as the attorney of Cadwallader and Astley, and covenanted, for and in behalf of said Cadwallader and Astley, in their names, and as their attorney, that they were well seized of the premises, and that they would warrant and defend the same, &c.

Plea not guilty, and trial by jury.

In support of the declaration the plaintiff gave in evidence a deed of the land in question from the defendant, as attor-

ney of Cadwallader and Astley, to plaintiff, dated November 11, 1836, containing the usual covenants of seizin and warranty. The plaintiff also gave in evidence the record of a recovery, in an action of ejectment for said land, in favor of D. A. Smalley and wife against the plaintiff, at the September term, 1840, of Franklin county court.

The defendant introduced in evidence a power of attorney, executed by the said Cadwallader and Astley to the defendant, dated May 5, 1806, duly acknowledged and recorded, authorizing the defendant to sell certain lands of said Cadwallader and Astley, including the land in question, " for the best prices that can be gotten or had for the same, ' either by public auction or private contract, as said attorney ' may think most advantageous ; and, upon sale thereof, or ' any part thereof, to sign, seal and execute all, or any, such ' contracts, agreements, conveyances and assurances, and ' to do and perform all such acts and things for perfecting ' such sale or sales, as shall be requisite and necessary in ' that behalf."

The defendant contended that, upon a proper construction of said power of attorney, he was authorised and empowered to execute the deed to the plaintiff, and to insert the covenants contained therein. But the court decided, and so charged the jury, that said letter of attorney did not confer upon the defendant authority and power to insert said covenants, and therefore directed a verdict for the plaintiff; to which decision the defendant excepted.

*H. R. & J. J. Beardsley*, for defendant.

The power of attorney from Cadwallader and Astley confers authority to execute deeds with covenants. It authorises the defendant to sell all or any part of the lands belonging to said Cadwallader and Astley, and upon sale thereof " to sign, seal, and execute all or any such contracts, ' agreements, conveyances and assurances, and to do and ' perform all such acts and things for perfecting such sale or ' sales as shall be requisite and necessary in that behalf."

Now if covenant does not legally import and mean something more or different than " contract, agreement, or assurance," the letter of attorney does, in terms, confer upon the defendant authority to insert the usual covenants.

What then is covenant in a deed, and what is the legal import of the word ? Covenant is defined to be the "*agree-ment* or consent of two or more, by deed, in writing, sealed and delivered, whereby either, or one, of the parties doth promise to the other, that something is done already, or shall be done afterwards." 2 Jacob's Law Dic. 118. It appears, then, that the word covenant imports nothing more than "*an agreement*" to perform or do some particular act or thing. Now the letter of attorney does, in terms, author-ise the defendant to execute all necessary agreements.

Again : The letter of attorney authorises the defendant to execute assurances. What then is the legal import of the term "assurance"? It is defined in *Cruise* to be the legal evidence of the transmission of real property, whereby every man's estate is *assured* to him. 4 Cruise's Dig. 9, 18. *Assurance* means something more than a mere sale and con-veyance. It is that kind of deed or instrument by which the estate is not only passed, but protected in the hands of the grantee. And this can only be done by inserting the usual covenants or assurances of title, &c., in the deed or instru-ment of conveyance.

Again : The letter of attorney authorises the defendant to execute such contracts, agreements, conveyances and assurances, and to do and perform all such acts and things for perfecting such sale or sales, as shall be requisite and necessary. Now we insist that this instrument, like every other, is to be construed most strongly against the maker ; and if there are any doubts as to the extent of the authority intended to be given, those doubts are to be solved in favor of the authority. Several important words are used in this instrument, that would not be necessary in giving a simple authority to sell. If the rule of construction above laid down, be adopted, and full force is given to all the words used, it must be apparent that more was intended than merely to give such authority. And the phrase " to do and perform all such acts and things as shall be requisite and necessary to perfect such sale," must be construed to intend the giving such a deed and conveyance by the de-fendant as would perfect and protect the title in the grantee.

In construing a power of attorney, the letter of the instru-ment is not to be exclusively regarded, but the important

inquiry is, have the intentions of the parties been carried into effect?  *Wilson* v. *Troup*, 2 Cow. R. 195, 232, 234.

Again: It is well settled that, in the construction of powers of attorney and all other contracts, the situation of the parties, the subject matter of the transactions between them, the usual manner of transacting the business named in the instrument, the place where the business is to be transacted, are all to be taken into the account in determining the meaning of the instrument or any sentence therein. 2 Cow. 228.

To apply these rules to the present case, it appears that the power of attorney was executed to the defendant, who resides in Fairfield, in Vermont, and that the subject matter related to lands located in Franklin county, Vermont; and it should so be construed as to give authority to do whatever is usually required to be done in conveyances of real estate in Vermont. Now what are the usual modes or instruments of conveyances in this state? They are what are called quit-claim deeds and deeds with the common covenants of seizin and warranty, &c. That one of these modes of conveyance was contemplated by the parties to the instrument, there can be no doubt. A quit-claim cannot be regarded in any sense as an assurance. The most common instrument of conveyance is a deed of warranty.

The makers of this instrument resided in Pennsylvania, out of this jurisdiction. It is not to be supposed that purchasers of their estate would take a mere acquittance. It must be considered, then, that they intended to authorize the defendant to execute such a deed as a purchaser would take, or might require.

*Smalley & Adams*, for plaintiff.

The defendant was a special agent, constituted for a particular purpose, and had merely authority to take charge of the lands of his principals, specified in their power of attorney to him, to sell them, and, on receipt of payment, to give sufficient conveyances and discharges, to perfect such sale. His undertaking, therefore, to bind his principals, by covenants of warranty, was exceeding his authority, and void, as to them, but he is personally liable to the plaintiff. *Rossiter* v. *Rossiter*, 8 Wend. R. 494.

1. An authority to sell, and make conveyances and assurances of real estate, does not imply or confer authority to execute deeds with covenants of warranty of title, so as to bind the principal. *Nixon* v. *Hyserott*, 5 Johns. 57 ; *Gibson* v. *Colt*, 7 Johns. 390 ; *Fenn* v. *Harrison*, 3 Term R. 757, 412.

2. The defendant, having assumed to have authority to make the covenants in question, when he had not, is personally liable to the plaintiff, for the damages he has sustained by his not obtaining the covenants for which he paid. *Sumner et al* v. *Williams*, 8 Mass. R. 162, 189, 209, 212, 213 ; *Mott* v. *Hicks*, 1 Cow. 513 ; *Stone* v. *Wood*, 7 Cow. 453.

3. The defendant is liable in this form of action, though no other act of fraud be shown than the false assumption of authority. Assuming a false character, and thereby deceiving others, is, in the eye of the law, a fraud, whether it arise from ignorance in the pretender, of his true character, or from an intention to deceive and defraud. In a civil suit, the pretender is not prosecuted to punish him for his wicked intentions, but to obtain compensation for the injuries which his assumption of a false character has brought upon others. Gould's Plead. 189 ; 2 Kent's Com. 2d edition, 631 ; *Clark* v. *Foster*, 8 Vt. R. 98 ; *Long* v. *Colburn*, 11 Mass. R. 97 ; *Ballou* v. *Talbot*, 16 Mass. R., 461.

The opinion of the court was delivered by

WILLIAMS, Ch. J.——Exceptions were taken to the decision of the county court, by both plaintiff and defendant. The exception taken by the plaintiff is, to the rule of damages laid down by the court. Those taken by the defendant involve the inquiry, whether the plaintiff can maintain any action against the defendant, on the facts appearing in the case ; and this depends on the construction to be given to the letter of attorney from Cadwallader and Astley to the defendant, for if that letter of attorney authorized him to execute the conveyance to the plaintiff, with the covenant of warranty, the suit of the plaintiff fails.

In certain sales of personal property, the agent who is empowered to sell, is authorized to give a warranty of the soundness of the article sold, on the ground, as was said by Lord Ellenborough, *Alexander* v. *Gibson*, 2 Camp. 555, that, as it is now usual, on the sale of horses, to require a

warranty, the agent may be fairly presumed to be acting within the scope of his authority. Were we without the authority of any adjudged case on the subject, I should strongly incline to the opinion, that, inasmuch as it is usual, and customary, to insert covenants in most deeds of conveyance, more or less restricted, as the interest of the grantor may require, a letter of attorney, authorizing any one to sell, and to execute deeds or assurances, would authorize the inserting in the deed or assurance, any such reasonable covenants as are usual in such deeds, limited only, by the discretion of the attorney. And it appears to me, that such a principle was recognized in the case of *Wilson* v. *French,* 2 Cowen, 195, where it was holden, that, under a power to mortgage, the agent was authorized to insert a power to sell, on default of payment. It is true, it was holden, in the case of *Coles* v. *Kender,* Cro. Jac. 571, that on a promise to make reasonable assurance of land, the defendant was not bound to execute a conveyance, with ordinary and reasonable covenants; but in the case of *Lapels* v. *Chatterton,* reported in 1 Mod. 67, and in Raymond, 190, it was said by Twisder that the law is altered, since the *Coles & Kender* case, as to covenants in a conveyance, if they be reasonable. It appears to me, it would but be extending the principle of the latter case to the present, to say, that, under a promise, or under a power of attorney to sell and deed, a deed with a covenant to secure the title, such as is usual, should be required. The court of appeals in Kentucky have decided that a power to sell lands includes an authority to convey with covenants of general warranty. *Vanada* v. *Hopkins,* 22 Marshall's R. 293. The case of *Nixon* v. *Hyserotl,* 5 Johns. 58, is, however, opposed to this view; and the authority of the latter case is recognised both in the 7 & 12 Johns. and 2 Cowen. Upon this subject it is very desirable that the law should be considered the same in the different states. In the case of *Nixon* v. *Hyserott* it is to be observed, that the letter of attorney authorized the attorney "to grant, bargain, sell, release, convey and confirm in fee" to any person, certain specified lots, and that these are the operative words made use of in the granting part of a deed, and had no reference to the species of conveyance which the attorney might adopt. The further words " to exe-

FRANKLIN,
*January*,
1843.

Peters
*v.*
Farnsworth.

cute," &c. "such conveyances, assurances," &c. neither enlarged, extended nor limited the authority first given, but only left it to the attorney, to adopt such conveyance, as, in his judgment, might be needful to transfer the title. The letter of attorney gave no other authority, except to sell, and execute such deeds as the attorney might think necessary to effectuate the sale. It was so treated in the case of *Gibson* v. *Colt and others*, 7 Johns. 390, and *Van Eps* v. *Schenectady*, 12 Johns. 436, where the case was mentioned.

In the case before us, the letter of attorney to the defendant authorized him to do all that was necessary in relation to certain tracts of land in Bakersfield and Fairfax to obtain possession, and to "sell for the best prices, either by public ' auction or *private contract*, as he might think *most advan-* ' *tageous*. And, upon sale thereof, or any part thereof, and ' on receipt of the money, arising from such sale or sales, to ' give sufficient releases, acquittances and discharges for the ' same, and to sign, seal, ~~and execute~~ all or any such *con-* ' *tracts*, *agreements*, c~~ovenants and~~ ~~a~~surances, and to ' do and perform all such acts and things for perfecting such ' sale or sales thereof, ~~LAW SCHOOL~~f, as shall be re- ' quisite and necessary in that behalf." Under this letter of attorney he was bound t~~o make~~ ~~such~~ ~~contra~~cts, as would be most advantageous to his ~~principals, and~~ to obtain the best prices, and was authorized to make such contracts or agreements—which, if under seal, would be covenants—as were requisite; and could bind his principals thereby. He could bind them to make a good title by warranty deed, or otherwise. The authority was plenary to bind the principals by a contract, covenant or agreement, to secure the title to the purchaser, and he could execute a deed, conveyance, or assurance, with such covenants as were necessary to procure the best prices and the most advantageous terms of sale. We think, therefore, that, under this letter of attorney, he was fully authorized to execute the deed to the plain- tiff with the covenants therein contained, and by such covenants Cadwallader and Astley were obligated to assure the title, and the defendant did not exceed his authority and was not liable in this action.

The judgment of the county court is reversed.