By the Court, Bronson, J.
On the facts proved and offered to be proved there is a good defence to the note, and the only question is, whether that defence can be set up against these. plaintiffs. David R Cowing was engaged in selling pumps. He professed to be acting as the agent of the plaintiffs, and took all the notes payable to them. The plaintiffs are suing upon one of the notes, and they give no account of how they came by it. Upon this state. of facts, I think the jury would have been warranted in finding that David sold the pumps as the agent of the plaintiffs. And if he was in fact agent, then the plaintiffs were original parties to the note, in substance as well as form, and the defence should not have been excluded. True, there is no direct proof that David had authority to warrant the pumps, or make any representation concerning their quality or condition. But a warranty—and so of a representation—is one of the usual means for effecting the sale of a chattel; and when the owner sells by an agent, it maybe presumed, in the absence of all proof to the contrary, that the agent has been clothed with all the usual powers for accomplishing the proposed end. So long as the agent is acting within the general scope of his authority, persons dealing with him are considered as dealing with the principal. I will not stop to.inquire whether David is to be regarded as a general or special agent; for if he was only a special agent, his authority to warrant the quality or condition of the thing sold would be presumed, until the contrary-appeared. (Fenn v. Harrison, 4 T. R. 177; Sandford v. Handy, 23 Wend. 260.) The plaintiffs rely on Gibson v. Colt, (7 John. 390;) but that case was much shaken, if not entirely overthrown, by the decision in Sandford v. Handy; which is also an authority for saying, that the principal will be affected by the fraudulent representations of the agent in making the sale.
But the plaintiffs insist that, although David R Cowing professed to be acting for them, he was in truth the owner of the pumps, and was acting for himself. If that be true, the fact still remains that the suit is brought by the persons named as payees in the note, and I think they could not shut out the defence without showing that they were bona fide holders of the paper *339 for a valuable consideration. The justice decided that they were such holders, although they had given no evidence to • show how, when or under what circumstances they got the note, or that they had paid any thing for it. That was going too far. When the action is brought by an endorsee, or other third person who is not named in the note, it will be presumed, until the contrary is shown, that he took it in the usual course of negotiating commercial paper; and, as a general rule, the maker cannot set up any equities existing between himself and the payee, until he has first given evidence to impeach the plaintiff’s title. He must show that the holder either got the note when it was over due, that he paid no consideration for it, or that he had notice of the facts which are set up as a defence. But it is otherwise when the action is brought by the payee named in the note, although it may appear that in point of fact he was not a party to the transaction upon which the note was made. There is no presumption in his favor that he took the note in the usual course or mode of negotiating commercial paper. If the plaintiffs were in truth strangers to this note when it was made, they could not but see, on its being offered to them, that they appeared to be parties to it. This would very naturally lead to the inquiry, how the note came to be taken in that form; and although they may not have had actual notice of the means by which the note was procured, they should not be allowed to exclude a meritorious defence, without showing that they took the note before it came to maturity, and paid value for it.
In either view of the case, I think the justice was wrong in excluding the evidence offered by the defendant.
Judgments reversed.