ELIZABETH RAMSEY, RESPONDENT, *v.* STEPHEN S. WANDELL AND ERASTUS C. SMITH, AS ADMINISTRATORS, ETC., OF WILLIAM SMITH. DECEASED, APPELLANTS.

*Power of sale to executors — they cannot convey with covenants of warranty and against incumbrances.*

A power given by a testator to his executors to sell and convey his real estate in their discretion, does not authorize them to enter into a contract to sell and convey the same by a good and sufficient deed of conveyance, with covenant of warranty free and clear from all incumbrances.

APPEAL from an interlocutory judgment, entered upon an order overruling a demurrer to the complaint.

The complaint avers that William Smith, deceased, made his will, appointing Hendee, Gregory and Reynolds executors, and authorizing them to sell and convey his lands in their discretion; that the testator owned a certain lot in Albany; that Hendee and Gregory, as executors by virtue of the authority in them vested by the said will, contracted to sell and convey that lot to Gibson Oliver in fee simple by a good and sufficient deed of conveyance, with covenants of warranty free and clear from all liens, rights of dower or other incumbrances for a certain price; that Gibson Oliver assigned that contract to Jacob Sager and James Ramsey; that afterwards Hendee and Gregory were, by an order of the surrogate, discharged from all the trust confided to them by said will, and that Reynolds thereupon qualified as executor and entered on the discharge of the duties in their place; that afterwards Reynolds, as such executor, in accordance with and to carry out said contract of sale, made and executed a deed to the said Jacob Sager and James Ramsey of the said premises described as in the said contract; that afterwards the said Sager and his wife conveyed to the said Ramsey certain premises described in the complaint, and described in the deed as the northerly half of the lots conveyed as aforesaid by Reynolds, executor; that subsequently, the said Ramsey conveyed the last described premises to one Ham, who, on the same day, conveyed the same to Elizabeth Ramsey, the plaintiff; that after the execution of the deed by Reynolds, the executor, he died, and the defendants

were duly appointed administrators with the will annexed; that on a day after the execution of the deed from Sager and wife to Ramsey, and before the execution of the deeds from Ramsey to Ham and from Ham to the plaintiff, the said Hendee and Gregory executed a deed to the plaintiff of the same premises described in the deed of Sager and wife, with substantially the same description, which deed is stated to be for the purpose of assuring and confirming the title of the premises as intended to be conveyed by Reynolds, executor, to Sager and Ramsey.

The complaint further avers that said William Smith, in his lifetime, had given a mortgage upon certain premises, which was foreclosed after his death, and the mortgaged premises were sold and the purchaser entered into possession.

That a portion of the premises contracted to be sold under the said contract was not free from incumbrance, but that a strip of four feet in width was covered by the said mortgage, and was sold and conveyed upon said foreclosure.

The complaint then alleges damages by reason of the mortgage and foreclosure and the sale and eviction of the plaintiff.

To this complaint the defendants demurred upon the ground that the complaint did not allege facts sufficient to constitute a cause of action, and the court overruled the demurrer. The defendants appeal.

*Smith, Fursman & Cowen*, for the appellants.

*E. Countryman*, for the respondent.

LEARNED, P. J.:

The first point made by defendants is that the complaint does not show that the grantees did not receive all the land they were entitled to under the contract. There is a sufficient allegation, however, upon that point, whatever the proof may turn out to be. There is an allegation that a portion of the premises was not free from incumbrance, but was subject to a certain mortgage set forth. This must be good on demurrer so far as this point is concerned. Second. It is urged that there is no allegation showing that Hendee and Gregory had power to bind Smith's estate by a contract to convey with covenants. The only allegation in the complaint is

that the executors were authorized to sell and convey. We may infer that there was no expressed power to make any covenants, otherwise it would have been set forth by the pleader.

The plaintiff, in reply, urges that the allegation in the complaint that the executors made the contract by virtue of the power given them in the will, is a sufficient allegation that the will contained an express power to make the covenants. We do not think this is a fair inference from the pleadings. The allegations that the act was done *by virtue of the power* is, after all, but little more than a legal conclusion.

If the executors, being empowered to sell real estate, did sell, then it follows that they sold, so far as they could, by virtue of the power. The question whether the will authorized the covenants in the contract depends on the authority in the will, as it is averred in the complaint.

Then the question comes up, whether a power given by a will to executors to sell and convey real estate authorizes them to contract to convey *with covenants.*

Several cases are cited by the plaintiff's counsel in support of plaintiff's views, which may be briefly mentioned. (*Le Roy* v. *Beard*, 8 How. [U. S.], 451.) A case from Wisconsin, where there was a general power to an agent to act as sufficiently as if the principal were present. The principal had acquiesced in the act of the agent by not objecting, and he was held bound by a covenant. (*Bronson* v. *Coffin*, 118 Mass., 156.) An agent had power to do all matters and things relating to the premises as fully, amply and effectually as the principal might. The court said: "A naked power to sell land may not give the attorney power to bind the principal by any covenants. But the power in this case is broader than a mere power to sell." Nothing is decided on this point in *Warden* v. *Richards* (11 Gray, 277); *Peters* v. *Farnsworth* (15 Vt., 155). An agent had power to make contracts, agreements, conveyances and assurances, and the principal was held liable on the covenant.

Without going over these cases at greater length, it will be seen that they all arise between principal and agent. None of them touch the question of a power given by will to executors. The executors are in no sense the agents of the deceased. There is no principal

to be bound by their acts. The question is whether, by their contract, they can impose a burden on the creditors, distributees or legatees of the deceased.

It is elementary that a power is to be construed strictly. A power over land must be governed by article 3, 1 Revised Statutes, m. p. 732. A power to sell and convey does not necessarily require for its execution a power to insert covenants in a deed. For in this State no covenant is implied. (1 R. S., m. p. 738, § 140.) Therefore there can be a conveyance without any covenant, either express or implied. Hence the executors could execute all the power given to them, without agreeing expressly or impliedly, that the land was free from incumbrance. Therefore the power is not to be enlarged by construction, so as to give them such authority.

Again the rule is that contracts made by executors do not bind the estate. (*Ferrin* v. *Myrick*, 41 N. Y., 315; *Austin* v. *Munro*, 47 N. Y., 360.) At page 366, it is said executors " may not bind the estate by an executory contract, and thus create a liability not founded upon a contract or obligation of the testator."

The plaintiff urges next that the real estate was converted into personal property. We are not informed by the complaint that there is anything in the will directing the land to be sold, or showing an intention that it should be sold. The complaint only alleges a power to sell in the discretion of the executors. For what purpose does not appear.

There is still another difficulty. The plaintiff is only the grantee in the deed from Ham. There is no covenant in any deed under which she claims. If there is any liability of any one, (other than Hendee and Gregory personally,) upon the contract, and if that liability has not been lost by the acceptance of the deeds, then she does not connect herself with that contract. It was made with Oliver, and by him was assigned to Sager and Ramsey. She avers no assignment of the contract to her.

The judgment should be reversed, with costs, and judgment given for the defendants on the demurrer, with costs, with leave to plaintiff in twenty days after notice to amend her complaint on payment of costs.

Present — LEARNED, P. J.; BOCKES and BOARDMAN, JJ.

Judgment reversed, with costs, and judgment for defendants on demurrer, with costs, with leave to plaintiff in twenty days after notice to amend complaint on payment of costs.