## BYRON M. SCHULTZ, Respondent, *v.* PHILLIP GRIFFIN, Appellant.

*It seems* that a power without restriction to sell real estate, gives authority to the agent to contract, to sell and convey by deed with general warranty, where under the circumstances this is the common and usual mode of assurance.

*Gibson* v. *Colt* (7 Johns 390), stated to have been overruled.

Defendant agreed in writing to pay the plaintiff $1,000, if he sold for him a certain farm for "$20,000, to be paid for as follows: Buffalo Savings Bank, 1st mortgage, $5,000; 2d mortgage held by M. Williams, $2,500," the balance in cash, $1,000 to be paid at time of making contract and the balance in cash April 1, 1887. In an action to recover the agreed compensation, it appeared that plaintiff procured one L. to sign a contract as purchaser of said farm which provided that L. should pay to defendant $20,000 as follows : $1,000 in cash on the execution of the contract, $19,000 by assuming a mortgage for $5,000 and one for $2,500 and paying $11,500 in cash April 1, 1887. The mortgages specified were accompanied by defendant's bonds. Plaintiff tendered this contract with a check for $1,000 to defendant who refused to accept

them and subsequently sold the premises to another party. *Held,* that the contract tendered by plaintiff was not a compliance with the terms upon which he was employed to sell; that his authority extended only to a sale in which the purchaser should absolutely pay and discharge the mortgages, and so release defendant from liability; and that, therefore, the action was not maintainable.

*It seems* that had it appeared that the mortgages were not due, the contract between the parties would be construed as an authority to sell subject to the mortgages.

(Argued April 23, 1890; decided May 6, 1890.)

APPEAL from judgment of the General Term of the Superior Court of Buffalo, entered upon an order made March 26, 1888, which affirmed a judgment entered upon a decision of the court on trial without a jury.

This action was brought upon the following contract:

" I hereby agree to pay to Byron M. Shultz the sum of one thousand dollars, providing he will dispose of or sell my farm on Main Street, Buffalo, N. Y., known as the Owens place, consisting of 86½ acres of land, more or less, for the sum of twenty thousand dollars, to be paid for as follows: Buffalo Savings Bank 1st mortgage, $5,000; 2d mortgage held by M. Williams, $2,500; the balance to be paid to Philip Griffin in cash April 1, 1887, said Shultz to have the exclusive sale for 20 days, one thousand dollars to be paid at time of making contract.

"PHILIP <sup>his</sup> x GRIFFIN.
mark

"BUFFALO PLAINS, *July* 31, 1886."

Within the twenty days allowed the plaintiff procured one Longnecker to sign a contract as purchaser of the defendant's farm, containing the following clause: " This agreement is upon the express condition, viz.: The said party of the second part (Longnecker) shall first pay to the said party of the first part (Griffin), or his legal representatives, the full sum of twenty thousand dollars in manner following, that is to say: One thousand dollars in cash on the execution of the contract, and the balance, $19,000, by assuming a mortgage to the Erie County Savings Bank for $5,000, also a mortgage held by M. Williams for $2,500, and $11,500 to be paid in cash April 1,

1887, which sum or sums, at the time, and in the proportion before stated, with lawful interest on all sums unpaid." The contract also contained a provision binding the vendor, Griffin, on payment, to convey the premises to the purchaser, "by a good and sufficient deed, containing a covenant of warranty."

The plaintiff, Schultz, tendered the contract to the defendant, Griffin, together with his check for $1,000, but the defendant refused to accept the contract or the check, and subsequently sold the premises to another party. The plaintiff had judgment for $1,000, which was affirmed by the General Term. Other facts are stated in the opinion.

*John G. Milburn* for appellant. The plaintiff did not perform the contract of July 31, 1886, on his part and the complaint should have been dismissed. (*Oakley* v. *Morton*, 11 N. Y. 25; Whart. on Cont. § 601; *Bigler* v. *Morgan*, 77 N. Y. 312, 319; *Ayers* v. *Dixon*, 78 id. 318; *Wadsworth* v. *Lyon*, 93 id. 201; Jones on Mort. § 741; *Nixon* v. *Hyserott*, 5 Johns. 58; Devlin on Deeds, § 365; *Van Eps* v. *City of Schenectady*, 12 Johns. 436; *Delevan* v. *Duncan*, 49 N. Y. 485.) The recovery cannot be sustained on the ground that strict performance was waived, as no waiver was pleaded or found by the court. (*Oakley* v. *Morton*, 11 N. Y. 25; *Romeyn* v. *Sickels*, 108 id. 650; *Turnbridge* v. *Read*, 22 N. Y. S. R. 764.)

*Warren F. Miller* for respondent. The plaintiff performed his contract. The defendant, having declined to execute the contract, and stated the ground of his refusal, is bound thereby, and cannot now claim an advantage from any other alleged informality. (*Carman* v. *Pultz*, 21 N. Y. 547, 561; *Gould* v. *Banks*, 8 Wend. 562; Benj. on Sales, § 716; *Young* v. *Hunlin*, 7 N. Y. 204; *Moses* v. *Beirling*, 31 id. 462; 2 Parsons on Cont. [4th ed.] 168.) A broker employed to make a sale under an agreement for the exclusion of all other agencies is entitled to his commissions when he produces a party ready to purchase at a satisfactory price; the principal

cannot relieve himself from liability by a capricious refusal to consummate the sale by a voluntary act of his own disabling him from performance. (*Moses* v. *Bierling*, 31 N. Y. 462; *Wadsworth* v. *Latham*, 21 Barb. 145; *Kock* v. *Emerling*, 22 How. [U. S.] 69; *Vandien* v. *Burns*, 1 Hilt. 134; *Holley* v. *Gosling*, 3 E. D. Smith, 262.) It is immaterial whether payment is made by check or cash, unless the tender is refused for the reason that it was not cash. (*Duffy* v. *Donovan*, 46 N. Y. 223; 12 Wend. 474; 8 Johns. 474.) The court will not review questions of fact as found in this case after affirmance by the General Term. (*Quincy* v. *White*, 63 N. Y. 317; 61 id. 364.)

ANDREWS, J. The principal point urged for the reversal of the judgment is that the contract tendered to the defendant, whereby Longnecker agreed to pay such portion of the purchase-money as was represented by the mortgage to the Buffalo Savings Bank and the mortgage to Williams, "by assuming" those mortgages, was not a compliance with the terms upon which Schultz was employed to sell the farm. It is insisted that his authority extended only to a sale in which the purchaser should absolutely pay and discharge the mortgages, and that the agreement made by Longnecker would be satisfied by his paying the portion of the purchase-money over and above the mortgages, to Griffin personally, and by his assent to a covenant in the deed of the farm to assume the mortgages.

The agreement between Schultz and the defendant is not free from ambiguity. The price for which the farm was to be sold is fixed, and the agreement proceeds to specify that the purchase-money should be paid, a part to Griffin personally and a part on the mortgages. The language as to the payment of the mortgages may be susceptible of two meanings, according to extrinsic circumstances.

It appears that the mortgages were accompanied by bonds or Griffin. He had an interest that the mortgages should be paid to relieve him from his liability on the bonds. On the other hand, the contemplated purchaser would have an interest to apply so much of the purchase-money as was required

for that purpose, to the extinguishment of the mortgages. In the absence of any circumstances indicating a different interpretation and regarding alone the language of the contract, the most natural meaning would seem to be that actual payment of the purchase-money, part to Griffin personally and part on the mortgages, was to be made before any conveyance by Griffin. It seems quite clear that if the Longnecker contract had been accepted and signed by Griffin, the latter would have been bound to convey on receiving $11,500 in cash, and the covenant of Longnecker assuming the mortgages. Such a transaction would have left Griffin still liable on his bonds, with his liability changed in equity to that of surety for Longnecker for the mortgage debts. (*Ayers* v. *Dixon*, 78 N.Y. 318.)

It does not appear whether the mortgages were or were not due. If it had appeared that they had not matured, so that they could not have been paid without the consent of the holders, we are inclined to think that the contract with Schultz would be construed as an authority to sell the land subject to the mortgages. It could not reasonably be supposed in such case that Griffin, who, as the contract shows, was seeking to sell his farm, would have inserted an impossible condition, or one which could not be performed except by the consent of the holders of the mortgages. But the case gives no light upon this point, and as the burden was upon the plaintiff to show that the contract with Longnecker was such a one as was authorized by the agreement with Griffin, we are of opinion that judgment was erroneously given for the plaintiff.

The further point is made that Schultz was not authorized to make it a condition of the sale that the conveyance should be with warranty. The defendant's counsel cites, in support of this point, *Nixon* v. *Hyserott* (5 Johns. 58), which supports his contention.

The rule that an agent to sell personal property has implied power to warrant, in the absence of any restriction, where sale with warranty is usual and customary in similar cases, was declared in *Nelson* v. *Cowing* (6 Hill, 336), substantially overruling *Gibson* v. *Colt* (7 Johns. 390).

There seems to be no well-founded distinction between real and personal property, requiring a different construction of an agency for sale in the two cases. The great preponderance of authority now is that a power without restriction to sell and convey real estate, gives authority to the agent to deliver deeds with general warranty binding on the principal, where, under the circumstances, this is the common and usual mode of assurance. (*Le Roy* v. *Beard*, 8 How. [U. S.] 451; *Peters* v. *Farnsworth*, 15 Vt. 155; *Vanada* v. *Hopkins*, 1 J. J. Marsh. 293; *Taggart* v. *Stanbery*, 2 McLean, 543; Rawle on Cov. § 20, note.)

It is sufficient, however, for the disposition of this appeal that the first point considered must prevail.

The judgment should be reversed and a new trial ordered.

All concur.

Judgment reversed.