HEDGES
*vs*
KERR.

*Beatty* for plaintiffs: *Morehead & Reed* for defendants.

---

COVENANT.

*Case* 104.

*April* 27.

The case stated.

## Hedges *vs* Kerr.

ERROR TO THE BOURBON CIRCUIT.

*Bonds for title.    Warranty.*

JUDGE MARSHALL delivered the opinion of the Court.

THIS action is brought upon a contract for a sale of the right and interest of five out of seven heirs of James Kerr, in a tract of land, formerly the property of their ancestor, at the rate of seventy-five dollars per acre. The five heirs, for whom the contract was made, were infants

at the time, and Hedges, the purchaser, agreed to pay, for their use, six per cent. per annum upon the entire purchase money, of five-sevenths of the tract in full of rent, and each or all five, on their arrival at age, have the privilege of electing "either to accept said price of seventy-five dollars per acre for their interest in said land, and convey it to said Hedges, or to keep their land, as they chose," but Hedges not to have the same option, "and if the said heirs, or any of them, elect to take the money and convey their interest in the land," the said Hedges is bound to pay "senty-five dollars per acre for so much of said land as he gets title to." The declaration avers that William Kerr, one of said five heirs, arrived at full age on the    day of    , and elected to take the money and convey his interest in the land, and tendered to Hedges a deed therefor, which was made profert of, which he refused to accept and that he refused to pay the price, &c. The defendant craved oyer of the agreement and also of the deed, and demurred, and his demurrer having been overruled, and a verdict and judgment rendered agains him upon a plea filed with the demurrer, the only question which we deem it necessary to consider is whether the declaration of which the deed is to be taken as a part shows a good cause of action.

The objection to the deed is that it contains only a special warranty against the grantor, William Kerr, and all persons claiming under him, when, as it is contended, the agreement required a conveyance with a general warranty. If the agreement should be construed as stipulating that each heir, in the event of his electing to convey, should convey such title as he has, then of course a special warranty would be all that could have been intended. And from the repeated use of the word 'interest,' as the only one indicating directly what was to be conveyed, our first impression was that this might be the true construction. But upon further consideration we are of opinion that that word is used, not in reference to the nature of the conveyance or of the title, but to the extent of the interest held by each heir, and which each is to convey, and that it is used in this contract as it is frequently in ordinary discourse, in reference to joint interests, as pre-

HEDGES
*vs*
KERR.

cisely equivalent to the word 'portion.' The contract relates to the sale of the undivided interests in the tract designated. It provides that each heir, on coming of age, shall, if he elect to do so, convey his interest in the tract, and receive seventy-five dollars per acre; and the meaning is that each is to receive that price not for each acre in the tract, but for each acre in his portion or share of the tract. The first clause in the agreement states that Harvey Kerr sells the 'right and interest' of the five infant heirs in the tract, "being five undivided sevenths of sixty-seven acres, &c." And this exposition of what is meant by the 'right and interest' of the five, shows clearly what is meant by the word 'interest,' when subsequently used, as indicating what each at his election is to convey. Besides it is clearly expressed that Hedges is to get 'title,' generally, to the land for which he is to pay.

Taking the contract then to be for the conditional sale by H. Kerr, of five-sevenths of the tract, as being the right and interest of the five heirs for whom he acts; and to provide that each, at his election, shall convey or make title to one-seventh, being his interest in the tract, we are of opinion that upon the principles of the case of *Vanadah's heirs* vs *Hopkins' administrator*, (1 *J. J. Marshall*, 291–293,) the conveyance of his portion to be made by each heir, should contain a general warranty. In that case the Court decides that a power of attorney to sell land without limitation, gave authority to execute a bond for conveyance with general warranty, by which the principal was bound. The decision is based upon the position that giving the narrowest construction to the power, it authorized the execution of a bond for making "a sufficient title," which would require a general warranty; and the further reasoning of the Court goes to prove that a bond for conveyance of land or to make title thereto, without qualification, should be understood as requiring a general warranty. Here then is a sale of land and a provision for the conveyance, not of a particular title but of particular portions of the land, and for making title thereto without limitation or qualification as to the terms of the conveyance, and in conformity with the case referred to, and with what we suppose would be the com-

A bond for the conveyance of *title,* without other words of qualification, requires a title with general warranty.

mon understanding with regard to a general contract of this character, we are of opinion that Hedges was not bound to take the deed with special warranty. And as, according to our interpretation of the contract, the conveyance by each heir of his portion, and the payment therefor by Hedges, were intended to be simultaneous acts, it follows that the tender of an insufficient deed did not give a right of action for the price of the land under the contract; and therefore, the demurrer to the declaration should have been sustained. This view of the case renders it unnecessary to notice the defendant's first plea which was adjudged bad on demurrer.

Wherefore, the judgment is reversed and the cause remanded, with directions to sustain the demurrer to the declaration.

*Hanson, Hawes, and Williams* for plaintiff: *B. & A. Monroe and Smith* for defendants.

