WALTER J. JONES v. SAMUEL PHILIPS.

(Case No. 4155.)

1. EVIDENCE.— While a patent may, like other evidences of title, be recorded in the county where the land lies, that fact .does not affect its admissibility in evidence, and either it or a duly certified copy thereof from the general land office may be read in evidence without registration in the county, and without the notice prescribed in art. 2257, R. S.

2. BOND FOR TITLE.— Where a bond which evidences an executory contract binds a vendor of land to make to the purchaser "a deed," upon payment of purchase· money notes, the vendor is thereby bound to make to the vendee on such payment a valid conveyance transferring title to the land. An understanding on the part of the vendor that he would make a quitclaim deed, when not communicated at the time to the vendee, cannot alter the case.

3. FRAUD.— While fraud upon the part of a vendor of land will entitle the vendee to
a rescission of an executory contract for its conveyance, yet where the vendee has
gone into possession and claims on a rescission pay for improvements made in good
faith, he should, as a general rule, be required to account for use and occupation,
and this even though the alleged fraud consisted in misrepresentations as to the
sufficiency of title.

APPEAL from Jack. Tried below before the Hon. A. J. Hood.

Suit by appellant upon two promissory notes alleged to have
been for a tract of land in Jack county. Plaintiff filed his first
amendment, setting out the notes, amounting together to $375.99,
alleging their making and delivery, describing the land for which they
were given, praying judgment for the amount, and foreclosure, etc.
Defendant denied generally, pleaded failure of title, and fraudulent
representations by plaintiff that he had a good title, which were
relied on by defendant; that plaintiff had given a bond for title to
defendant, at the date of the notes, binding himself to make a deed
to defendant upon the payment of the notes; that, relying upon
plaintiff's representations as to his title, defendant had placed per-
manent improvements upon the land worth $500. He prayed for a
rescission of the contract, judgment for the purchase money already
paid, being $100, and for the value of his improvements, $500, and
for general relief. Defendant filed a trial amendment, in which he
alleged that the land in question belonged to one Louis Bouillett,
and referred to a patent on file as evidence of the title of Bouillett;
alleged that he knew nothing of this when he purchased, restating
his improvements and his prayer for relief. Plaintiff replied, ex-
cepting specially to the answer, and claiming $150 per annum for
defendant's use and occupation.

Verdict for defendant for $583.20 for purchase money paid, and for
improvements placed by him upon the land, and that the notes sued
on be canceled. Judgment accordingly, and awarding to plaintiff
a writ of possession upon the payment of said sum to the defendant.
The defendant remitted $13.20, thus reducing the judgment to $570.

McCall & McCall, for appellant, cited Cooper v. Singleton, 19
Tex., 267; Jackson v. Stockbridge, 29 Tex., 394.

Samuel Philips, for himself, cited Pasch. Dig., art. 3716; Green
v. Chandler, 25 Tex., 156; 7 Tex., 244; Brown v. Half, 5 Paige, 235;
Littlefield v. Tinsley, 22 Tex., 259; 26 Tex., 354; Rawle, Cov. of
Title, 566, and Briscoe v. Bronaugh, 1 Tex., 339.

DELANY, J. COM. APP.— The defendant below resisted the pay-
ment of the notes upon the ground that the plaintiff had no title to

the land. To prove this he introduced a patent from the state for the same land to one Louis Bouillett. Appellant, in his second assignment of error, insists that the patent should not have been admitted, because the defendant had given no notice of his intention to introduce it; and he refers us to art. 4329, R. S., as follows: "Letters patent from the state of Texas, or any grant from the government, executed and authenticated pursuant to existing law, may be recorded without further acknowledgment or proof."

Appellant seems to suppose that this article introduces a new feature into the law, and that it places patents in the same class with those private instruments of writing which are recorded "after being proven or acknowledged," and when so recorded are admitted in evidence after notice. R. S., art. 2257. The article first above quoted (4329) is found in the registry act of May 12, 1846 (Pasch. Dig., art. 5006), as follows: "Each recorder shall record all titles issued by the commissioner of the general land office presented for record, provided such titles or copies are attested with the seal of the general land office."

The record of the patent in the county where the land lies may, from prudential considerations, be a matter of importance to the owner, but it does not affect its admissibility in evidence. See Byrne v. Fagan, 16 Tex., 392. The patent, therefore, or a duly certified copy from the land office, is admissible in evidence without registration in the county, and without the notice prescribed in art. 2257 of the Revised Statutes.

The fourth assignment of error questions the correctness of the following clause in the charge: "The legal effect of the bond . . . is this: By the terms of the bond, the plaintiff, on payment of the notes by the defendant, has to make and deliver to the defendant 'a deed' to the land for which the notes were given. The term 'deed,' as used in the bond, meant a valid conveyance of the land from plaintiff to defendant." It is not necessary for us to decide whether this would be correct in its application to all classes of cases arising under executed as well as executory contracts. But upon the facts of this case, we think it was not error. The contract was executory. The plaintiff does not allege or prove that the defendant knew of the defects of the title, or intended to take the risks of the title when he bought. While the contract is executory, its inherent nature recognizes the right of the purchaser to insist upon a title clear of defects and incumbrances; and this right does not depend upon the terms of the contract, but is given by the law itself. Rawle on Cov. Titles (4th ed.), p. 565; id., p. 42; Cooper v.

Singleton, 19 Tex., 260. The plaintiff says in his testimony that he intended by the word ".deed" a quitclaim deed; but he does not pretend that the defendant so understood him.

The fifth assignment presents that portion of the charge which instructed the jury that if, at the time of the sale, the plaintiff falsely represented his title to be good, and did so to deceive the defendant, he could not recover anything for the notes. This should not have been given. There is nothing in the record that shows a fraudulent intent on the part of the plaintiff, unless it is to be inferred from the defendant's statement that the plaintiff represented his title as good, and that he (the defendant) took possession and made the improvements. The general rule is, that fraud upon the part of the vendor will entitle the vendee to rescission in any state of case. Green v. Chandler, 25 Tex., 148. But the rule is almost universal that the rights of the parties should be adjusted with reference to improvements made in good faith, as well as rents. Cooper v. Singleton, 19 Tex., 260.

Upon this part of the case the defendant's pleading and proofs are very defective. He does not show when he first ascertained the defects in his title, or whether his improvements were made before that time. The proof relating to the question of good faith is meagre and hardly satisfactory.

It is not necessary to notice the remaining assignments, as the supposed errors complained of are not likely to occur upon another trial.

Our opinion is that the judgment should be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion approved June 8, 1883.]