## N. C. ABBOTT v. CITY OF GALVESTON ET AL.

### No. 1293. Decided April 11, 1904.

**1.—City—Deed—Warranty.**

A charter which empowered a city to take, grant and convey real property for corporate purposes was sufficient authority to enable it to convey with covenants of general warranty. (P. 478.)

**2.—Same—City Council—Resolution.**

A resolution of the city council authorizing the mayor to execute a deed to real property sold by it, was sufficient authority for the execution by him of a deed to the purchaser with covenant of general warranty, though no warranty was mentioned in the negotiations for sale or in the resolution, and the city was bound as warrantor of title thereby, whether it be regarded as a conveyance by the city as principal or through the mayor as its agent by virtue of the power conferred by the council. (Pp. 478, 479.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Galveston County.

Hutches sued the city of Galveston and those claiming under it for the recovery of land, and Abbott, a vendee of the city, intervening, on recovery of the land by plaintiff, had judgment against the city on its covenant of warranty. On appeal by the city this judgment was reversed and rendered in its favor as against Abbott's claim on the warranty, and thereupon he obtained writ of error.

*Jas. B. & Chas. J. Stubbs* and *J. M. Coleman,* for plaintiff in error.— The Court of Civil Appeals erred in sustaining the first and fifteenth assignments of error presented to it by the city of Galveston, which complained of the action of the District Court in admitting in evidence the deed from the city to Newton C. Abbott in so far as it tended to operate as a warranty of the title to the land in controversy, it being claimed by the city that the officers executing the deed had no authority to insert or make any such warranty on behalf of the city, and that it was not competent to make such warranty under the terms of the city charter, and that the city was not bound by the covenant. Rucker v. Lowther, 6 Leigh (Va), 269; Hedges v. Kerr, 4 B. Mon. (Ky.), 528; Vanada v. Hopkins, 1 J. J. Marsh. (Ky.), 285; Peters v. Farnsworth, 15 Vt., 155, 40 Am. Dec., 672; Bronson v. Coffin, 118 Mass., 161; Taggart v. Stanberry, 2 McLean, 543; LeRoy v. Beard, 8 How. (U. S.), 451; Hare v. Burges, 4 Kay & Johns, 57; Rawle on Cov., 4 ed., 47, 48; House v. Kendall, 55 Texas, 44; Summerhill v. Hanner, 72 Texas, 227; Lanier v. Foust, 81 Texas, 189; Cooper v. Singleton, 19 Texas, 262; Kauffman v. Brown, 83 Texas, 48; Jones v. Phillips, 59 Texas, 611; Twohig v. Brown, 85 Texas, 55; Walker v. Cottrell, 6 Tenn., 271; Irick v. Fulton's Exrs., 3 Grat., 193; Lindsay v. Freeman, 83 Texas, 265.

The city having received and used the money and having by a subsequent resolution agreed to defray Abbott's expenses in recovering possession of the property adversely held by other parties, and having through its counsel admitted in its pleadings the warranty given and having agreed to make the same good, a ratification was clearly established. Barrett v. Featherstone, 89 Texas, 567; First Nat. Bank v. Watson, 66 S. W. Rep., 232; Adams v. Dignowity, 8 Texas Civ. App., 201.

*Frank M. Spencer,* also for plaintiff in error (from brief in Court of Civil Appeals).—The court did not err in admitting in evidence the deed of the city of Galveston to Newton C. Abbott for all purposes of a conveyance, including covenant of title by general warranty of the city. In executing to him its deed with general warranty it acted not in its political, public or governmental character, but in its proprietary and private character, unrestrained by law, and it acted with all the rights and powers possessed by private corporations or natural persons and subject to the same liability. Fristoe v. Blum, 92 Texas, 76; Adams v. Dignowity, 8 Texas Civ. App., 201; County of Calhoun v. Am. Emigrant Co., 93 (3 Otto), U. S., 124; Hitchcock v. City of Galveston, 96

U. S., 341; Touchard v. Sullivan, 5 Cal., 307; Hurzo v. San Francisco, 33 Cal., 135; McCracken v. San Francisco, 16 Cal., 621; Pimental v. San Francisco, 21 Cal., 363; 2 Dill. Mun. Corp., 672, 4 ed., and authorities cited in note; Id., 671, par. 575; 1 Dill. Mun. Corp., 66; Mora. on Priv. Corp., 335; Thomp. Common Law of Corp., pars. 5983, 6005, 6029.

*M. E. Kleberg,* for City of Galveston, defendant in error.—Under the provisions of its charter the city of Galveston has no power to execute a deed with a covenant of warranty, and the warranty contained in the deed from said city to Newton C. Abbott, plaintiff in error, is ultra vires and void. Dill. Mun. Corp., secs. 89, 90, etc.

The authority conferred upon the mayor of the city as contained in the report or resolution did not empower the mayor of said city to execute the covenant of warranty contained in the deed to Newton C. Abbott, plaintiff in error. ' Rev. Stats., arts. 633, 629; Chaison v. Beauchamp, 12 Texas Civ. App., 109; Jones on Real Prop., sec. 1033, and cases there cited; Devlin on Deeds, 364; Reese v. Medlock, 27 Texas, 123; Skaggs v. Murchison, 63 Texas, 353; Frost v. Erath Cattle Co., 81 Texas, 509.

*H. W. Rhodes* and *J. Z. H. Scott,* also for City of Galveston (from brief in Court of Civil Appeals).—The court erred in admitting in evidence over the objection of this defendant the deed to Newton C. Abbott, signed by R. L. Fulton, mayor of the city of Galveston, and attested by Daniel J. Buckley, city clerk of said city, as shown in the bill of exceptions of said city of Galveston, in so far as said deed tended to operate as a warranty of the title to the land in controversy, because the officers executing the same had no authority to insert or make any such warranty on behalf of the city, nor was it competent to make such warranty under the terms of the charter of said city.

The judgment of the court in favor of Newton C. Abbott against the city of Galveston was erroneous in this,   *   *   *   that the city of Galveston was not bound by the warranty under the deed of conveyance from said city to said Newton C. Abbott, admitted in evidence.

Municipal corporations have no power to contract other than such as are (a) expressly conferred; (b) necessary for the exercise of such as are expressly conferred or (c) fairly implied from such as are expressly granted. Dill. Mun. Corp., 89, 90, etc. Galveston city charter, 1876, section 1, authorizes city to "grant and convey." Meaning of words "grant and convey" construed and limited by statute (Rev. Stats., 653) to warranty (1) against former conveyance by grantor; (2) against incumbrances.

*H. C. Mayer, Davidson & Hawkins,* and *I. Lovenberg,* were on briefs in the appellate court for parties whose rights were not involved in the writ of error.

BROWN, ASSOCIATE JUSTICE.—This suit was originally brought in the District Court of Galveston County by B. F. Hutches, Jr., against George Hodges and his wife to recover possession of lots 71 and 80 in section 1 of Galveston Island; and against the city of Galveston to recover from it upon its covenant of warranty in the deed made by the city to N. C. Abbott, under whom Hutches claimed title. Abbott intervened and, by agreement with Hutches, took his place in the suit as plaintiff seeking to recover from the city of Galveston upon the warranty contained in the deed made to him (Abbott) in case the defendants should show a superior title. Hodges and wife having died during the pendency of the suit, their heirs were made parties and pleaded not guilty and the statute of limitation of ten years, upon which the case went to trial and the jury found a verdict in favor of the defendants upon their plea of limitation, and the court entered judgment in accordance therewith. The jury also found a verdict in favor of Abbott against the city upon its warranty, which judgment the Court of Civil Appeals reversed. The facts as they affect the questions between Abbott and the city of Galveston are as follows:

"On May 23, 1890, the city of Galveston sold the lots to Newton C. Abbott for $14,000 of which $4666.66 was paid in cash, the balance payable in one and two years. The deed contains the following covenant of warranty: 'And the said city of Galveston does hereby covenant and agree to warrant and forever defend all and singular the premises aforesaid, unto the said Newton C. Abbott, his heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof.' And the deed recites that it is given in pursuance of the following resolution of the city council of said city of Galveston, passed at its regular meeting on the 18th day of May, 1890:

" 'To the Hon. City Council: Your committee on public property begs to report that they have sold lots 71 and 80, known as the Winter place, for $14,000, one-third cash, the balance in one and two years, with 8 per cent interest, less commission to be paid Messrs. Hutches & Porter, and would request you to confirm the sale, and that his honor the mayor be authorized to make deed to same. (Signed) M. Ullman, W. S. Griffith.

" 'Motion of Alderman Fowler to adopt the report was carried by the following vote: Yeas.—Aldermen Allen, Clarke, Fowler, Griffith, Jackson, Lee, Devine, Mason, Shaw, Ullman and Wagner—11. Nays.—Alderman Reymershoffer—1.'

"There is no evidence whatever tending to show that any authority was conferred by the city council upon the mayor to insert in the deed the covenants of warranty recited therein. Nor is there any evidence tending to show that the committee on public property, who made the sale for the city, was authorized to contract on behalf of the city with the grantee for such covenant, nor is there any evidence whatever that the committee contracted with Abbott for a sale with such covenant. In other words, the undisputed testimony simply shows a sale on the terms

embodied in the committee's report which was confirmed by the city council.

"After the cash payment of $4666.66 was received by the city from Abbott, it was appropriated by authority of the city council for municipal purposes. But there is no evidence tending to show that when such appropriation was made, and the money expended, that the city council had any knowledge of the fact that its mayor had inserted in the deed to Abbott the covenants of warranty recited."

Two questions are presented in this case: First, it is denied that the city of Galveston had authority to make a deed to Abbott with covenant of general warranty. Second, it is denied that the resolution of the city council, which authorized the mayor to make "a deed" to Abbott, empowered that officer to execute a general warranty deed. Section 1 of the charter of the city of Galveston, which was in force at the time of this transaction, contains these provisions pertinent to the question at issue: "That all the inhabitants of the city of Galveston shall continue to be a body politic and be capable of contracting and being contracted with, suing and being sued, implead and being impleaded, answering and being answered unto in all courts and places, and in all matters whatsoever; may take, hold and purchase, lease, grant and convey such real and personal or mixed property or estate as the purposes of the corporation may require within and without the limits thereof."

A covenant of warranty is a contract authorized by the terms of the charter above quoted, and, in connection with the authority to grant and convey property, conferred the power to make the deed with a covenant of general warranty.

Considering this question as if the deed had been made by an agent under a power of attorney, the authority which the city conferred upon the mayor to convey the land to Abbott by "a deed" embraced the power to make the usual covenant of warranty. Mechem on Agency, sec. 322; Rawle on Covenants, sec. 35; Hedges v. Kerr, 4 B. Mon., 526; Rucker v. Lowther, 6 Leigh, 259; Schultz v. Griffin, 121 N. Y., 294; Vanada v. Hopkins, 1 J. J. Marsh., 284; Peters v. Farsworth, 15 Vt., 155; Nelson v. Cowing, 6 Hill, 336. The authorities are in conflict upon the question, but the weight of authority and sound reasoning are with those which construe a power of attorney to make "a deed" as embracing authority to give to the purchaser a covenant of general warranty of title, especially when that is the common course of dealing in such matters, and it is a matter of common knowledge that such is the general course of dealing in the sale of land in this State. We believe, however, the sounder doctrine to be that such terms confer upon the donee of the power authority to make the deed with the covenant of general warranty, unless there be something in the deed, or circumstances, which limits the power granted.

In Vardeman v. Lawson, 17 Texas, 11, the question was as to the right of the obligee in a bond for title to demand that a covenant of general warranty be embraced in the deed which would complete his

purchase, and Judge Wheeler for the court said: "By having given a bond for title, it is understood in this country, certainly in this State, that the vendor has contracted to make to the purchaser a good and valid legal title with the usual covenant of warranty." Phillips v. Herndon, 78 Texas, 378; Jones v. Phillips, 59 Texas, 609. These cases establish that in Texas the use of the word "deed" in a bond or contract to convey land means a deed with a general warranty, and we see no reason why it should not be as obligatory when expressed in a power of attorney, authorizing an agent to sell and convey, as when found in a contract to convey the land; if the executory contract would be enforced by compelling the execution of the warranty deed, why not sustain the covenant already executed under the same language?

. The facts of this case are more analogous to that of a person conveying by his own act than to a case where the conveyance is made by an agent, for in this case the corporation made the contract of sale, fixed all of its terms and determined the character of conveyance to be executed. It did, in fact, make its own deed by its own officer just as much as the contract was made by itself through its council. Whether we consider this deed as the act of the corporation, as such, or as if made by an agent under authority conferred by the resolution of the council, the deed is equally binding upon the city. The Court of Civil Appeals erred in reversing the judgment of the District Court and in entering judgment for the city of Galveston. It is therefore ordered that the judgment of the Court of Civil Appeals be reversed and that the judgment of the District Court be confirmed.

*Reversed and judgment of District Court affirmed.*