## BURLERSON et al. v. WHALEY. (No. 7067.)

Court of Civil Appeals of Texas. Austin.
Oct. 19, 1927.

**1. Deeds ⬅114(1)—Deed describing bounds of property held sufficiently to describe and convey wall, under provision that interest of grantors in property adjoining that described should be conveyed.**

Deed describing bounds of property as running "to the west side of the wall of the Mercantile bu'lding, * * * thence with the western side of said wall and continuing south * * * to the northern line of lot 3," with provision that deed was intended to cover "all above-described property" and all "right, title, and interest of grantors to any property not specifically contained in above description which adjoins the property here described," *held* sufficiently to describe and convey wall therein referred to.

**2. Executors and administrators ⬅7—Evidence held to sustain finding that grantors intended to convey entire wall described in deed.**

In suit against independent executors and heirs and devisees for breach of covenant of warranty as to wall, evidence *held* to sustain trial court's finding that grantors intended to convey, and grantee intended to purchase, entire wall in controversy, which was described in deed, and not merely testator's interest therein.

**3. Executors and administrators ⬅7—Evidence in action against executors and devisees held to sustain finding that purchaser had no notice that wall conveyed was party wall.**

Evidence *held* to sustain finding that purchaser of premises had no notice that wall described in deed was party wall, and that he accepted conveyance, believing entire wall was included therein, in purchaser's suit against executors executing conveyance and devisees for breach of covenant of warranty.

**4. Executors and administrators ⬅7—Independent executors, though, authorized to sell and convey testator's property, held without authority to bind estate by general covenant of warranty.**

In purchaser's action against independent executors and heirs and devisees of testator for breach of covenant of warranty as to wall conveyed by deed, executors, though given full and complete power and authority to sell and convey testator's property by terms of will, *held* without authority to bind estate by general covenant of warranty.

**5. Executors and administrators ⬅7—Finding that independent executors, conveying property under power of attorney from heirs and devisees, did not intend to hold themselves personally liable on warranty, held supported by evidence.**

In action by purchaser against independent executors and heirs and devisees for breach of covenant of warranty in deed, finding of trial court that independent executors, conveying property under power of attorney from heirs, did not intend to hold themselves individually liable under warranty binding estate and heirs and devisees, which was substituted for clause under which executors were personally bound, *held* supported by evidence.

**6. Executors and administrators ⬅7—Power of attorney to independent executors held to authorize executors to bind heirs and devisees on general covenant of warranty.**

Heirs and devisees executing power of attorney to independent executors, regardless of construction of will, to sell and dispose of any portion of estate and to act as devisees' "true and lawful attorneys in fact," *held* to authorize independent executors to bind heirs and devisees by general covenant of warranty in deed.

**7. Executors and administrators ⬅7—Heirs and devisees executing power of attorney to independent executors held liable under covenant of warranty in executors' deed.**

Heirs and devisees executing power of attorney to independent executors, regardless of will, to sell and dispose of estate in their name, *held* bound by covenant of warranty, in deed executed for them by executors, in which heirs and devisees through their attorneys in fact, were grantors, and by which they were expressly bound to warrant and defend premises conveyed.

Appeal from District Court, Hays County; M. C. Jeffrey, Judge.

Suit by N. K. Faris against F. N. Whaley, in which defendant interposed a cross-action joining Mary D. Burlerson and others. Judgment for plaintiff and for defendant named against some of defendants joined in the cross-action, including defendant last named, and such defendants appeal, and defendant first named cross-assigns error. Affirmed.

R. E. McKie, of San Marcos, for appellants.

T. C. Johnson, Jr., of San Marcos, for appellee.

BLAIR, J.   N. K. Faris sued appellee F. N. Whaley, in trespass to try title and recovered an undivided one-half interest in an alleged party wall between buildings owned by them, and situated on lot 5, in block 13, of the town of San Marcos. Whaley vouched in the suit A. L. Blair, W. T. Jackman, and R. E. McKie, as executors of the estate of Ed. J. L. Green, deceased, and the heirs and devisees who were named beneficiaries in the will of Green, a part of whom are appellants

here, upon the allegation that they had sold him the property claimed by Faris under a general warranty of title contained in the deed, and sought to recover by cross-action, in the event Faris prevailed in his suit, one-half the value of the wall against the executors as such and also individually, and against the heirs and devisees of Green individually.

On Whaley's cross-action only the issue of the value of an undivided one-half interest in the party wall was submitted to the jury, which they found to be $500. No request was made for the submission of any other issue of fact raised by the pleading to the jury. Judgment was rendered for Whaley against such of the heirs and devisees of Ed. J. L. Green, deceased, as are appellants here for $500, upon the covenant of warranty contained in their deed. Appellants base their appeal upon the following propositions:

(1) That under proper construction the deed from appellants to Whaley did not specifically describe or convey the wall in controversy; therefore the warranty covenant did not apply to the wall.

(2) That, when the deed is construed in the light of the circumstances surrounding its execution, it shows clearly the intention of appellants to convey and of appellee to purchase only such rights and property as belonged to the estate of Ed. J. L. Green, deceased, during his lifetime, and therefore no covenant of warranty covered any other property which might be described in the deed.

(3) That at the time Whaley purchased, and many years prior thereto, he had full notice that the wall was a party wall, and accepted the conveyance and took a chance as to any interest Faris might have in the wall, and therefore the covenant of warranty in the deed did not apply.

(4) That the executors of the estate of Ed. J. L. Green could not bind his estate by a general covenant of warranty, but could only convey the interest of deceased in the property belonging to his estate.

(5) That the so-called power of attorney executed by the heirs and devisees of Green to his executors, in virtue of which the deed to Whaley was executed, showed that it was executed only for the purpose of construing the will of Ed. J. L. Green, and therefore could not be construed as conferring any greater power upon the executors than was given by the will.

Appellee cross-assigns error as follows:

(1) That, since the executors of the estate of Ed. J. L. Green, deceased, were independent executors, they should be held to have power to bind said estate by their general covenant of warranty contained in the deed.

(2) In the alternative, if it be held that the executors as such cannot bind the estate by a general covenant of warranty, then, because of the want of such authority, they should be held personally liable on their covenant of warranty contained in the deed.

[1] We do not sustain appellants' first proposition that the deed did not specifically describe the wall in controversy. The deed contained the following description of the property:

"All that certain tract or parcel of land lying and being situated in the county of Hays and state of Texas, and being all of lot number four (4) in block number thirteen (13) of the original town of San Marcos, in Hays county, Texas, and a strip three feet and eight inches in width off of the eastern side of lot number 5 (5) in said block thirteen (13). Said lots and block as herein referred to are as shown and designated on the original map or plat of the town of San Marcos, filed in the office of the county clerk of Hays county, Texas, and shown in Hays County Deed Records in Book 46, at page 448, which map or plat is here referred to and made part hereof.

"The property here conveyed fronts on the public square of the city of San Marcos, 82.84 feet, and is described by metes and bounds as follows:

"Beginning at the northeastern corner of lot No. 4 in said block No. 13, at the intersection of the western line of Austin street with the south line of the public square of the city of San Marcos; thence south 82 degrees west with the most southern line of said public square, 82.84 feet to the western side of the wall of the Mercantile building known as the Ed. J. L. Green building; thence with the western side of said wall and continuing south 8 degrees east, 166.67 feet to the northern line of lot No. 3 in said block 13; thence north 82 degrees east with the said northern line of lot No. 3, 82.84 feet to the southeastern corner of lot No. 4 in said block; thence with the western line of Austin street, 166.67 feet to the place of beginning.

"It is intended to convey hereby all of the above-described property, and in addition thereto all of the right, title, and interest of grantors in and to any other property not specifically contained in the above description, which adjoins the property here described, and to which grantors, or their predecessors, may have acquired title by limitation, or otherwise."

We think that there can be no question but that the trial court correctly construed the deed as conveying the entire wall in controversy to appellee.

[2] Nor do we sustain appellants' second proposition that there is doubt or ambiguity in the description of the wall in the deed, and that, when it is construed in the light of the circumstances surrounding its execution and the undisputed evidence, it should be held that grantors intended to convey and grantee intended to purchase only such rights as the estate of Ed. J. L. Green owned in the wall. The judgment of the trial court determines that issue against appellants. The following evidence sufficiently supports the trial court's judgment thereon:

The executors admit that the question of whether the estate owned the entire wall in

controversy was raised by appellee's attorney who examined the abstract before the conveyance was made. The abstract made no showing as to the wall. Appellee's attorney requested one of the executors to make inquiry about the status of the wall. The executor made inquiry and satisfied himself and coexecutors that the building belonging to the Green estate was constructed first, and from this fact they necessarily concluded that the wall belonged to the first building constructed. A deed already prepared, which contained no reference to the wall, was then destroyed, and the deed in controversy executed, containing the description, supra. Each of the executors testified that they intended to convey everything the deed called for, and that they thought at the time of its execution that the entire wall belonged to the Green estate. Appellee testified that some of the executors informed him that the wall belonged to the Green estate, and he understood they were conveying him the entire wall as called for in the deed. It developed on the trial that the two buildings were constructed at the same time, and that the wall was a party wall. So, under the above testimony, the trial court's judgment necessarily finds that grantors intended to convey and grantee intended to purchase the entire wall in controversy.

[3] The same evidence also meets appellants' third proposition that Whaley had full notice of the status of the party wall long prior to the execution of the deed, and that he knowingly accepted the conveyance, taking a chance that the entire wall belonged to the Green estate. Appellee testified that he knew nothing of the status of the wall. His attorney testified that the abstract showed nothing with reference to the wall; that he obtained the promise of one of the executors to find out the exact condition of the wall; that he reported the wall belonged to the Green estate; and that thereafter the deed was changed or rewritten so as to convey the entire wall. This evidence sustains the trial court's judgment on the issue raised.

[4] Appellants' fourth and fifth propositions and appellee's first cross-assignment of error will be discussed together. They relate to the authority of the executors to bind the estate of Green by virtue of provisions of the will, and to bind the heirs and devisees individually by virtue of a power of attorney executed by them to Green's executors, upon the general covenant of warranty contained in the deed. The provisions of the will involved read:

"I will and direct that my executors shall have and they are hereby granted, full and complete power and authority in the exercise of their sound discretion, to sell and convey any and all portions of my property, the property belonging to my estate, other than those portions thereof herein specially bequeathed and devised—real, personal and mixed, land and personalty in such manner and at such times, and upon such terms as they shall deem best, and to make, execute and deliver to the purchasers all such deeds as shall be necessary to convey title thereto, the proceeds arising from such sales to be distributed in accordance with the provisions of this will, among my children and grandchildren aforesaid, in the proportions already mentioned in this will, in the same manner as such property would have been divided amongst them had it not been sold— of course this has no application to the property bequeathed and devised to my wife, the said Mrs. Alice Green, nor to the special bequests mentioned in the ninth (9) paragraph of this will."

By provision of the will the executors were made independent executors. A dispute arose amongst the devisees of Green as to the extent of the authority of his executors under the terms of his will to partition and distribute the estate, and they executed a power of attorney to said executors reciting the fact of their dispute, the point of difference, and the settlement of their difference as to the construction of the will, in that they "here agree that the will of Ed. J. L. Green above mentioned should be construed so as to give the executors therein named full power and authority to partition and distribute the estate of said Ed. J. L. Green, real and personal, among the beneficiaries named in said will." In addition to the above agreement of construction, the power of attorney also provides as follows:

"* * * And we further agree that, regardless of the construction of said will, we desire that the said W. T. Jackman, A. L. Blair and R. E. McKie to partition and distribute said estate, and we here make, constitute and appoint the said W. T. Jackman, A. L. Blair and R. E. McKie, our true and lawful attorneys in fact, for us and in our name, place and stead, to set apart to the beneficiaries named in said will of Ed. J. L. Green, deceased, such partition of the property of said estate as is in the judgment of our said attorneys right and proper, to each of the beneficiaries in said will, so that said estate may be divided so that each beneficiary or group of beneficiaries, as named in said will, may respectively receive their portion of said estate in severalty, and in this connection we give and grant unto the said W. T. Jackman, A. L. Blair and R. E. McKie, full and complete power and authority to distribute said estate, either in whole or in part, as they may deem best, and to sell and dispose of any such portion of said estate, real, personal or mixed, as they may deem best and proper for said estate, and to either partition said estate in kind, or to dispose of same or a portion thereof, and divide the proceeds or to partly partition same in kind, and partly dispose of same, and divide the proceeds and to do and perform any and all acts and things whatsoever necessary or proper in the premises, and to execute and deliver for us, and in our name, place and stead, any and all assignments, conveyances, deeds, transfers, and releases which may be necessary or proper to fully and completely carry out the powers here given.

"We further expressly bind ourselves, our

heirs and assigns to accept the partition and division made by the said W. T. Jackman, A. L. Blair, and R. E. McKie, when made, same to be, to all intents and purposes, as binding upon us and each of us, as if said partition had been made under decree of a court of competent jurisdiction under the laws of the state of Texas. And we here expressly ratify and confirm all the acts and things which may be done by the said W. T. Jackman, A. L. Blair and R. E. McKie, in and about the partition and division of said estate, and all other matters and things herein mentioned or necessary and incident to the exercise of the powers here given.

"The powers herein delegated and granted to the said W. T. Jackman, A. L. Blair and R. E. McKie, in their joint individual capacity, are not revocable except by the unanimous consent of the beneficiaries under the will of Ed. J. L. Green, hereinabove named and who execute this instrument."

The deed begins:

"That we, A. L. Blair, W. T. Jackman and R. E. McKie, acting herein as joint independent executors of the will and estate of Ed. J. L. Green, deceased, and also acting herein as attorneys in fact for" (the devisees of Green's will, including the appellants in this appeal).

The deed further recites:

"And we do hereby bind the estate of Ed. J. L. Green, deceased, and the heirs and devisees of said Ed. J. L. Green, deceased, who are grantors herein, their heirs, executors and administrators to warrant and forever defend, all and singular the said premises unto the said Frederick N. Whaley, his heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof."

The deed also recites the following:

"The sale evidenced hereby is made for the purpose of effecting a partition and distribution of the estate of Ed. J. L. Green, deceased, and * * * all join herein as grantors, acting by and through A. L. Blair, W. T. Jackman and R. E. McKie, their duly constituted attorneys in fact. The said A. L. Blair, W. T. Jackman and R. E. McKie also join herein and execute this conveyance as independent executors of the will and estate of Ed. J. L. Green, deceased, for the purpose of conveying any right, title and interest held by them, or said estate, in the property herein described."

The deed is signed and acknowledged by A. L. Blair, W. T. Jackman, and R. E. McKie, as independent executors of the will and estate of Ed. J. L. Green, deceased, and by all the heirs and devisees named in Green's will by the three above-named executors as attorneys in fact for said heirs and devisees.

It was also shown that the first deed executed bound the executors individually on the covenant of warranty of title. This fact was called to their attention, and at the time they executed the deed in suit so as to include a description of the wall, they also changed the

299 S.W.—46

warranty clause and the other recitations to read as above set out.

The trial court held the executors had no authority to bind the estate of Ed. J. L. Green, deceased, by the general covenant of warranty in the deed, following the well-settled rule announced in Dallas County v. Land & Cattle Co., 95 Tex. 209, 66 S. W. 297, and the cases there cited, which hold "that an administrator cannot bind the estate by his covenant of warranty." Appellee admits by his cross-assignment of error that the above rule is correct with reference to sales of real estate by executors or administrators operating under order and control of the probate court, but that the rule does not obtain as to an independent executor. In support of the contention, he cites several authorities which simply hold that an independent executor may exercise any and all powers in connection with the estate that an executor may exercise under order of the probate court. But no authority is cited which holds that an independent executor can bind the estate by his general covenant of warranty. It is his duty "to sell just such title as the estate" may have, "and his deed can have no other effect." Dallas Co. v. Land & Cattle Co., supra. While it may be true that the Supreme Court had under consideration in the above case the conveyance of an administrator of an estate, the reason for the rule announced applies as well to independent executors, which is as follows:

"The policy of the law is to require an estate to be administered and the administration closed with as little delay as may be practicable. To permit the administrator to bind the estate by a warranty in his deed would be to impose a new contingent liability upon it and to delay indefinitely the close of the administration."

[5] In this connection appellee insists by cross-assignment that the executors are individually liable because they made a contract they had no lawful authority to make, and cites in support of the contention several authorities which hold executors liable individually on contracts which were void to begin with. The trial court construed the recitations of the deed to show that the executors did not intend to bind themselves individually, which conclusion we sustain. If any issue of fact was raised by the pleading that the executors did intend to bind themselves individually, then we find that the evidence supports the judgment of the trial court on that issue. Appellee's counsel testified that he called the executors' attention to the fact that they were binding themselves individually in the first deed drawn, whereupon they destroyed the deed and drew the one in suit so as to specifically limit their liability to that of executors and in their fiduciary capacity. This fact alone would clearly indicate that the executors never intended to bind themselves individually, and that all as-

surances or promises made by them was made in their capacity as executors, or as attorneys in fact for the devisees. Dallas Co. v. Land & Cattle Co., supra.

[6] The trial court also construed the power of attorney to authorize the attorneys named to bind appellants who gave it upon the covenant of warranty in the deed. Appellants insist that the power of attorney should be construed in connection with the will and as giving no additional power to that given by the will, or given under law to the executors. We do not sustain the contention. The power of attorney clearly appointed the executors, "regardless of the construction of said will," to also act as devisees' "true and lawful attorney in fact," with general and plenary power to do all that they could if present do to sell and dispose of "all or any portion of the estate," and, in their "name, place, and stead, execute and deliver" for them "any and all assignments, conveyances, deeds, transfers, etc.," proper to "fully and completely carry out the powers here given." The deed also recites:

"And we do hereby bind the * * * heirs and devisees of said Ed. J. L. Green, deceased, who are grantors herein, their heirs, executors and administrators to warrant and forever defend," etc.

And further recites that said heirs and devisees "all join herein as grantors, acting by and through A. L. Blair, W. T. Jackson and R. E. McKie, their duly constituted attorneys in fact."

And then follows this language in the deed:

"The said A. L. Blair, W. T. Jackman, and R. E. McKie also join herein and execute this conveyance as independent executors of the will and estate of Ed. J. L. Green, deceased, for the purpose of conveying any right, title and interest held by them or said estate, in the property herein described."

[7] The above recitations of the deed and the power of attorney clearly authorized the attorneys in fact to bind the heirs and devisees, who are appellants here, upon the general covenant of warranty contained in the deed.

We are also of the opinion that the terms of the power of attorney were sufficiently specific to bind the appellants who executed it upon the general covenant of warranty in the deed. Our Supreme Court settled this question in the case of Abbott v. City of Galveston, 97 Tex. 474, 79 S. W. 1064, as follows:

"Considering this question as if the deed had been made by an agent under a power of attorney, the authority which the city conferred upon the mayor to convey the land to Abbott by 'a deed' embraced the power to make the usual covenant of warranty. * * *

"The authorities are in conflict upon the question, but the weight of authority and sound reasoning are with those which construe a power of attorney to make 'a deed' as embracing authority to give to the purchaser a covenant of general warranty of title, especially when that is the common course of dealing in such matters, and it is a matter of common knowledge that such is the general course of dealing in the sale of land in this state. We believe, however, the sounder doctrine to be that such terms confer upon the donee of the power authority to make the deed with the covenant of general warranty, unless there be something in the deed, or circumstances, which limits the power granted."

It was shown in this connection that for many years deeds executed in Hays county under power of attorney contained covenants of general warranty. Verdeman v. Lawson, 17 Tex. 11; Phillips v. Herndon, 78 Tex. 378, 14 S. W. 857, 22 Am. St. Rep. 59; Jones v. Philips, 59 Tex. 609.

We find no error in the trial court's judgment, and it is affirmed.

Affirmed.