**BURRIS v. HASTERT et al.**

No. 11534.

Court of Civil Appeals of Texas.
San Antonio.

Nov. 28, 1945.

Rehearing Denied Jan. 16, 1946.

Strickland, Ewers & Wilkins, of Mission, Magus F. Smith, of McAllen, for appellant.

Chas. E. Thompson and Greer & Cox, all of McAllen, for appellees.

MURRAY, Justice.

This suit was instituted by A. L. Stroud against John H. Hastert and J. Clarence Burris, seeking specific performance of a written contract of sale dated August 10, 1944, wherein John H. Hastert agreed to sell and convey to A. L. Stroud, for a consideration of $3,000, lot 5, block 2, Alta Mira Addition to the City of McAllen, Hidalgo County, Tex., on which property there was located certain improvements, consisting of a house and garage. It was further alleged that J. Clarence Burris was asserting some character of interest in the above described property, the exact nature of which was not known.

John H. Hastert answered in effect admitting A. L. Stroud's cause of action. J. Clarence Burris answered by general denial and also filed a cross-action contending that he had contracted to purchase the property prior to the date of the contract alleged by Stroud and asked for specific performance of his alleged contract.

A jury was impaneled for the purpose of determining one issue, to-wit: Whether Charles E. Thompson was the agent of John H. Hastert. However, after hearing evidence, the jury were instructed that Charles E. Thompson was not such agent, and the jury were temporarily discharged. Thereafter, the trial court rendered judgment in effect denying J. Clarence Burris any relief on his cross-action and granting to A. L. Stroud specific performance of his contract of purchase of the house and lot herein involved.

From this judgment J. Clarence Burris has prosecuted this appeal.

It is clear from the evidence that the alleged contract of sale of J. Clarence Burris was prior in point of time to that alleged by A. L. Stroud, and if Burris' contract was a valid contract Burris was entitled to have his contract specifically performed, thus precluding Stroud from enforcing his contract. A jury had been demanded in the case, and if the evidence

was sufficient to raise questions of fact the court could not properly render the judgment which he did, as a matter of law.

In the outset we are of the opinion that the telegrams which passed between G. E. Cox, who was acting for Burris and John H. Hastert, the owner of the property, were sufficient to constitute a contract of sale binding upon the parties, provided it can be shown by parol evidence that Hastert's house on Beaumont Street is the same property as lot 5, block 2, Alta Mira Addition to the city of McAllen, Tex. Hastert resided in Minneapolis, Minn., G. E. Cox lived in and occupied a house and lot located on Beaumont Street in the City of McAllen, Tex. On the 5th day of August, 1944, Cox sent the following telegram, to-wit:

"John H. Hastert
"1417—26th Ave. NE.
"Minneapolis, Minn.

"Necessary I leave McAllen immediately—Have opportunity to sell my furniture if you will sell your home on Beaumont Street—Advise return wire collect if you are interested in selling and what price—Cash deal.

"G. E. Cox
"Firestone Store"

On August 6, 1944, Hastert sent the following telegram to Cox:

"1944, Aug. 6 p.m. 12 59
"CC7  18  Collect—Minneapolis Minn  6 1208P
"J. C. Cox
"2636 Beaumont St.  McAllen, Texas

"Willing to sell make offer purchaser to assume unpaid balance of contract for deed about 1300 dollars.

"John Hastert."

Immediately after receiving this telegram, and on the same day, Cox wired Hastert as follows:

"RE     8—6—44
"John H. Hastert
"1417—26 Ave. N.E.
"Minneapolis, Minn.

"Retel—Purchaser will assume deed 1300 dollars—Also cash difference 1400 offered—Net total 2700 dollars—Appreciate consideration as purchaser agrees buying my furniture which will help me—Roof and ceiling need repaired—Feel that this is a fair offer—If not interested in selling would you rent it to Mr. Burris who is connected with Firestone—Advise Return Wire for handling.

"G. E. Cox
"Firestone."

On August 7, 1944, Hastert replied by sending the following telegram:

"8—7—44 AM 10
"Minneapolis Minn.
"G. E. Cox
"Firestone Stores McAllen—Texas

"Not interested for less than 3000 as have that amount invested.

"John Hastert."

On August 8, 1944, Cox wired Hastert as follows:

"8—8—44
"John H. Hastert
"1417 26th Ave. NE.
"Minneapolis, Minn.

"Purchaser agrees paying 3000 dollars total—Advise location abstract—Also all information necessary to close cash deal immediately—Advise return wire.

"G. E. Cox
"Firestone Store, McAllen, Texas."

On the same day Hastert replied to Cox as follows:

"8—8—44 AM 11:55
"Minneapolis, Minn.
"G. E. Cox
"Firestone Stores, McAllen—Texas

"Abstract being sent to Charles Thompson, attorney.

"John Hastert."

From the above telegrams it appears that on August 6, 1944, Cox, acting on behalf of Burris, wired Hastert inquiring whether he would be interested in selling his home, located on Beaumont Street in the City of McAllen. Hastert wired back that he was interested and asked for an offer, advising at the same time that there was a $1,300 indebtedness against the property which would have to be assumed by the purchaser. Cox wired back, stating the purchaser was willing to assume the $1,300 and pay an additional $1,400 making a total offer of $2,700. Hastert wired back that he would not consider less than $3,000. Cox replied that purchaser agrees to pay $3,000, and asked for the abstract and all information necessary to close cash deal immediately. Hastert replied: "Abstract being sent to Charles Thompson, attorney." There can be no doubt but that both parties understood that an agreement had been entered into whereby Hastert's house on

814

Beaumont Street, McAllen, Tex., had been sold to a purchaser for whom Cox had been acting, for a total cash consideration of $3,000. This made a complete sale of real estate, provided the description is sufficient to locate the house and lot by the use of parol testimony. Burris has not been given a chance to offer such parol evidence, but we are assured by him in his brief that he can produce such proof and this is not denied by appellees. Street v. Johnson, Tex. Civ.App., 96 S.W.2d 427; McKay v. Walker, Tex.Civ.App., 293 S.W. 921.

■ Appellees say that the contract is not complete, that there are essential matters omitted from the contract, that it does not state whether a warranty deed or some other kind of a deed is to be executed in conveying the lot. This is not an essential element of a contract for the sale of real estate. Where the kind of deed is not mentioned a general warranty deed is required. 12 Tex.Jur. p. 24, § 15; Jones v. Philips, 59 Tex. 609; Vardeman v. Lawson, 17 Tex. 10.

■ Appellees also contend that there was no stipulation as to taxes. We know of no case holding that such a stipulation is essential to a contract of sale of real estate. Where there is no provision for a prorating of the taxes the law will require the vendor to pay all taxes that have theretofore been assessed against the property. 43 Texas Jurisprudence, p. 184, § 115.

■ It is true there is no stipulation with reference to what kind of a title the purchaser was to receive, but in the absence of such stipulation the vendor must convey to the purchaser a title clear of defects and encumbrances. Jones v. Philips, 59 Tex. 609.

■ Appellees contend that the description was insufficient to definitely determine what real estate was sold. The rule is that if the description is sufficient to designate the property to be conveyed, when its location on the ground is established by parol evidence, then the contract is not void for failure to describe the real property. That is certain which can be made certain. 20 Tex.Jur. p. 311, § 103; Krueger v. Ewing Co., Tex.Civ.App., 139 S.W. 2d 836; Sorsby v. Thom, Tex.Civ.App., 122 S.W.2d 275; Beaton v. Fussell, Tex.Civ. App. 166 S.W. 458; Watson v. Baker, 71 Tex. 739, 9 S.W. 867. We are assured by appellant, who has not yet been given an opportunity to offer evidence on this mat-

ter, that there will be no difficulty in locating the house and lot on the ground from the description given in the telegrams.

■ It is also true that the telegrams were not signed by Burris, but by Cox, who was acting for Burris. One may act for an undisclosed principal in the purchase of real estate. Huffman v. Cartwright, 44 Tex. 296; Marlin v. Kosmyroski, Tex.Civ. App., 27 S.W. 1042.

For the error pointed out, the judgment will be reversed and the cause remanded.